STATE of Iowa, Appellee,

v.

**John Henry LEE, Appellant.**

No. 56479.

Supreme Court of Iowa.

Oct. 16, 1974.

Swift, Brown & Winick and Gary S. Gill, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and Ray A. Fenton, Co. Atty., for appellee.

Heard before MOORE, C. J., and REES, UHLENHOPP, HARRIS, and McCORMICK, JJ.

UHLENHOPP, Justice.

This criminal appeal involves defendant John Henry Lee's motion to dismiss, predicated on the ground that the State failed to charge him in time.

On January 29, 1973, acting pursuant to a search warrant, Des Moines police officers searched defendant and found 48 packets of heroin in his pockets. They also found drugs and a plastic spoon in his sock and still more drugs on a shelf in his room.

The next day the officers filed a preliminary information charging defendant with possession of heroin with intent to deliver and took him before a magistrate, a judge of the Des Moines Municipal Court. As defendant's attorney, the magistrate appointed Mr. Gary S. Gill, who was informed of the appointment within a few days. The magistrate set bail and ordered a hearing for February 7, 1973. Defendant did not post bail and remained in jail throughout the case.

The record shows that several continuances were granted but a preliminary hearing was never held or waived, nor did defendant or Mr. Gill ask for such a hearing or demand speedy trial. No order was made holding defendant to answer to the grand jury. Mr. Gill did not request permission from the magistrate to withdraw as defendant's attorney or file a withdrawal.

On March 23, 1973, the Polk County Attorney filed his information in district court, charging defendant with the offense set forth in the preliminary information. Defendant appeared with Mr. Gill before Judge Missildine in district court, where defendant said he was charged in his right name, waived formal arraignment, stated he had no funds, and requested the court to appoint counsel at public expense. The court took the request under advisement. Defendant did not make a demand in district court for speedy trial.

The court subsequently set trial for May 21, 1973, which was 59 days after the county attorney filed his information. On that date, the assistant county attorney asked for a continuance. Mr. Gill did not agree to or resist the motion but stated that he had to be appointed by the district court as defendant's attorney. The court ordered that the trial commence two days later, May 23, 1973, which it did.

On May 23 Mr. Gill was again appointed defendant's attorney. Before trial actually began, Mr. Gill presented to the court a written motion to dismiss which is the foundation of this appeal. The motion itself and defendant's arguments in support of it both before trial and at the conclusion of the evidence disclose that it is based on two grounds: (1) the county attorney's information was not timely filed and (2) the offense could be charged only by indictment. Defendant does not now argue the second ground. The first ground itself has two bases: the county attorney's information was filed too late under the Iowa statute and under the Iowa and United States Constitutions.

The trial court overruled the motion, the parties selected a jury, and the State presented its case. Defendant did not introduce any evidence. The jury found defendant guilty, the trial court sentenced him, and he appealed.

In this court, defendant relies on the first ground of his motion to dismiss presented before the trial court, but he enlarges on that ground. He now contends that the trial court should have sustained the motion to dismiss because (1) he was not timely informed against by the county attorney and (2) he was not timely tried.

I. *Timely County Attorney's Information.* Pursuant to the motion, defendant contends that the county attorney's information was filed too late under (a) § 795.1 of the Code and (b) the speedy trial guaranties of the Iowa and United States Constitutions.

■ (a) Section 795.1 is inapplicable because defendant was not "held to answer" after a preliminary hearing or waiver thereof. State v. Sowle, 218 N.W.2d 573 (Iowa); State v. Morningstar, 207 N.W.2d 772 (Iowa); State v. Mays, 204 N.W.2d 862 (Iowa). What went awry—why the preliminary hearing was continued several times and was never held, demanded, or waived— the record does not disclose.

■■ Defendant argues that an accused is legally helpless if a magistrate does not offer a preliminary hearing. We do not so believe. Apart from habeas corpus, the statute on preliminary hearings imposes a mandatory duty on the magistrate to proceed promptly with a preliminary hearing unless the defendant waives it. Section 761.1 of the Code provides:

When the arrested person is brought before the magistrate, with or without a warrant, upon preliminary information, the magistrate must immediately inform him of the offense with which he is charged, and of his right to counsel in every stage of the proceedings, and must allow him a reasonable time to send for counsel, and, if necessary, adjourn for that purpose. After waiting a reasonable time for or on the appearance of counsel for defendant, *the magistrate shall immediately proceed with the preliminary examination, or may allow the defendant to waive the same.* (Italics added.)

Moreover, having commenced a preliminary examination, the magistrate is not permit-

ted to continue it indefinitely. Section 761.4 provides:

> The examination must be terminated at one session unless the magistrate, for good cause shown, adjourn it; but it shall not be adjourned for a longer period than thirty days.

 (b) The constitutional speedy-trial guaranties involve the four-factor balancing test. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. The period from arrest to filing of county attorney's information was 53 days. This does not rise to the level of unconstitutional delay. State v. Morningstar, 207 N.W.2d 772 (Iowa); State v. Kimball, 203 N.W.2d 296 (Iowa).

We hold that defendant's first contention in his appeal is not meritorious.

II. *Timely Trial.* Defendant's trial-court motion was predicated on failure to charge in time, not on failure to try in time. Hence we do not consider his present contention that he was not timely tried. State v. Knutson, 220 N.W.2d 575 (Iowa).

The verdict and sentence should stand.

Affirmed.