STATE of Iowa, Appellee,

v.

Lang J. LEONARD, Appellant.

No. 58446.

Supreme Court of Iowa.

April 14, 1976.

Jurgemeyer & Frey, Clinton, for appellant.

Richard C. Turner, Atty. Gen., Thomas Mann, Jr., Asst. Atty. Gen., and G. Wylie Pillers, III, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, REES and HARRIS, JJ.

LeGRAND, Justice.

Defendant was convicted of obtaining money under false pretenses in violation of § 713.1, The Code, 1973. He appeals, alleging numerous errors which he says require a reversal. Since we agree the case must be dismissed because defendant was denied a speedy trial under § 795.2, The Code, we consider none of the other matters raised.

Since *State v. Gorham*, 206 N.W.2d 908 (Iowa 1973), an opinion rendered to meet the demands of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we have had a number of appeals predicated on the denial of a speedy trial. Among them are *State v. King*, 225 N.W.2d 337, 339–340 (Iowa 1975); *State v. Lyles*, 225 N.W.2d 124, 125 (Iowa 1975); *State v. Hines*, 225 N.W.2d 156, 160 (Iowa 1975); *State v. Boyd*, 224 N.W.2d 609, 611–612 (Iowa 1974); *State v. Nelson*, 222 N.W.2d 445, 448–449 (Iowa 1974). *See also State v. Jennings*, 195 N.W.2d 351, 355–356 (Iowa 1972), which was decided prior to *Gorham*.

As first stated in *Gorham* and repeated in later cases, each time this issue arises it must be decided on its own facts under "a delicate balancing process." *State v. Hines, supra*, 225 N.W.2d at 163; *State v. Nelson, supra*, 222 N.W.2d at 448; *State v. Gorham, supra*, 206 N.W.2d at 914.

Briefly stated, the rule by which we now abide interprets § 795.2 as requiring trial within 60 days from the date an indictment or information is filed unless defendant waives this right, unless the delay is attributable to defendant, or unless the State shows good cause for postponement.

In the case now before us, there is no claim of waiver. Defendant vigorously insisted upon a speedy trial at all stages of the proceedings. He did so at the time of arraignment, he did so again at the pretrial conference which we discuss later, and he filed a timely motion to dismiss for failure to afford him a speedy trial, as mandated by *State v. Myers*, 215 N.W.2d 262, 264 (Iowa 1974).

Eliminating, then, the question of waiver, we must decide if either of the remaining

two alternatives was established by the State. Did defendant himself cause his trial to be delayed until the ninety-sixth day after the information was filed? Did the State show good cause for a postponement?

We set out the facts important to our consideration. On December 19, 1974, the county attorney's information was filed. Defendant was arraigned the same day and declined to waive speedy trial. At the time of arraignment, the court set January 28, 1975, as the trial date. The selected date was well within the limits of § 795.2.

On January 7, 1975 (21 days before the trial date), defendant filed notice of his intention to depose nine witnesses on January 17, 1975. At the same time, he filed a motion to suppress evidence, which he combined with a motion to compel the State to elect which of several informations it intended to try him on. (There had been other informations filed earlier charging defendant with similar crimes on different dates, all allegedly involving the same general scheme to defraud.)

At a pretrial conference called by the court on January 10, 1975, the trial court on its own motion took the case out of the assignment for January 28th and continued it until March 25, 1975, thirty-five days beyond the time permitted by § 795.2. The pertinent portion of that statute is here set out:

> "If a defendant indicted for a public offense, whose trial has not been postponed upon his application, be not brought to trial within sixty days after the indictment is found, the court must order it to be dismissed, unless good cause to the contrary be shown."

■ The section applies to cases presented on county attorney's information as well as those based on indictment. § 769.13, The Code; State v. Hines, supra, 225 N.W.2d at 158. Defendant did not ask for a continuance. Neither, in fact, did the State. Both announced they were ready to proceed to trial on January 28th. Nevertheless the trial court ordered the case continued and listed reasons dealing with docket congestion; the "complexity" of the case; pending motions and deposition requests; and the busy schedule of counsel.

■ Despite the fact that granting a continuance is largely a matter of trial court discretion, State v. Hines, supra, 225 N.W.2d at 160–161, we hold this case must be reversed because the trial court abused its discretion in ordering the case continued under the circumstances shown by the record now before us.

■ We have considered each of the grounds relied on by the court in continuing the case. Neither singly nor cumulatively do they permit the result reached. We have recognized there are circumstances preventing a trial within 60 days because pending motions or other preliminary matters raised by defendant make such a course impossible. These constitute causes attributable to defendant. See State v. King, supra, 225 N.W.2d at 339–340 and citations. We have also held that docket congestion due to exceptional circumstances and unavailability of prosecutor or judge may constitute good cause for trial delay. State v. Hines, supra, 225 N.W.2d at 158–159; State v Jennings, supra, 195 N.W.2d at 356. See also Dickey v. Florida, 398 U.S. 30, 38, 90 S.Ct. 1564, 26 L.Ed.2d 26, 32 (1970).

However, all such matters must be reviewed in the light of this statement in the Jennings case:

> "The public policy inherent in § 795.2 requires trial within 60 days absent good cause, and it is the State's duty to effectuate that policy." (195 N.W.2d at 356.)

This is an unusual case. Both the State and the defendant announced they were ready for trial. Neither claimed the pending motions or proposed depositions would necessitate a delay, and it appears later developments bore them out. Nor did either counsel beg off because of other commitments, one of the reasons given for the continuance.

For several reasons, the trial court's own crowded docket, another reason stated for the continuance, affords no basis for the order. The case had been specifically as-

signed for trial some six weeks in advance of the trial date. There is no explanation as to why other matters should later take precedence over it. Secondly, the chief judge has authority to assign the judges of his district to accommodate unusual workloads. There is no showing he was requested to do so.

The same observation is true concerning Judge Pelton's understandable reluctance to rule on the motion to suppress evidence seized under a search warrant he had issued. There is no reason shown why another judge could not have ruled on this matter before the time fixed for trial, as, in fact, another judge did later.

The remaining reason urged deals with the complexity of the case and the amount of money involved. We point out counsel made no such claim. We have carefully reviewed the pleadings, the transcript of evidence, and the instructions under which the case was submitted to the jury. We cannot agree this constituted good cause, if indeed it ever could when raised only by the court.

We have considered all of the grounds urged by the trial judge in its *sua sponte* order continuing the case. We have tested them against the criteria set out in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) and referred to in *State v. Donnell*, 239 N.W.2d 575 (Iowa 1976). We agree with defendant they do not establish good cause for postponing his trial. We also agree the record fails to disclose any cause for postponement attributable to him. We hold the trial court abused its discretion in continuing this case. Defendant is entitled to an unconditional dismissal of the information. *See State v. Hines, supra,* 225 Iowa at 159.

We do not mean to say that criminal docket congestion, pretrial motions, and time consuming hearings may not, under proper circumstances, constitute good cause for continuance. *See State v. Donnell, supra,* where this same problem is discussed and a different result reached against a different factual background. However, we are unable to find any basis which would bring this case within the *Donnell* rationale.

The case is reversed and remanded for entry of a judgment dismissing the charge against defendant.

REVERSED AND REMANDED WITH INSTRUCTIONS.