STATE of Iowa, Appellee,

v.

George GOFF, Appellant.

No. 58773.

Supreme Court of Iowa.

July 30, 1976.

Napier, Napier & Wright, Fort Madison, for appellant.

Richard C. Turner, Atty. Gen., David L. Brown, Asst. Atty. Gen., Barry Anderson, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, REYNOLDSON and McCORMICK, JJ.

MASON, Justice.

Defendant, George Goff, appeals his conviction for the crime of assault and battery in violation of section 694.1, The Code, 1974, on the ground he was denied his right to a speedy trial.

Both the State and defendant say the facts of the crime are not relevant to resolution of the only issue presented for review before this court—whether good cause has been shown for the delay of trial beyond the 60-day limitation period prescribed by section 795.2. In any event, the charge filed arose from defendant's participation in a cell block disturbance at the State Penitentiary in Fort Madison.

May 20, 1975, a county attorney's information was filed charging defendant with the crime of assault with intent to commit great bodily injury (section 694.6). At the May 23 arraignment Goff pleaded not guilty, and trial was set for the following June 23.

However, June 16 defendant filed a motion for change of venue, with affidavits in support thereof submitted over the next two days. June 27 the State filed resistance to the motion but not until August 7, some 41 days later, was the court's ruling denying the motion filed. (In this regard, actual ruling occurred July 29, it taking nine days for its filing). The court also set trial date for September 8.

August 11 defendant filed his motion to dismiss. Following hearing on this motion August 21, the trial court denied it August 27. When trial commenced, defendant renewed and the court overruled the motion to dismiss. Defendant was subsequently found guilty of assault and battery (section 694.1) and sentenced to 30 days in the county jail.

As stated, the only issue is whether the lower court abused its discretion in finding existence of good cause for delay. The procedural events may be condensed to the following overview:

The motion for change of venue was submitted 27 days after filing of the information. State's resistance came in nine days later. It then took the trial court 41 days to file its ruling denying the motion. Trial commenced 32 days after this. The calendar saw the passage of 111 days between date of filing the information and the beginning of trial.

In its ruling on the motion to dismiss the trial court noted defendant had not waived his right to a speedy trial and went on to state:

"The record made in this case does not show the schedule of Court during the months of July and August, 1975. Nevertheless, this Court feels compelled to make some observation with respect to this schedule. During these two months there were two judges in District 8B holding Court in eight different courthouses each week. The Court schedule for Lee County called for court on at least Wednesday of each week, and Thursday morning if time were available.

"The delay of some 41 days between the time of the submission of the defendant's motion for change of venue and the ruling filed by Judge Bainter, can certainly not be attributed to the State of Iowa. During this period of time Judge Bainter was on vacation.

"Had the defendant not filed his motion for change of venue, his case would have been tried on June 23, 1975.

"Because of the lack of flexibility in the schedule by reason of the limited number of days each week available to try cases in Lee County, the case could not be scheduled during August following the filing of the motion.

"Depending upon whether the day of filing the information and the day of the scheduled trial are counted, there are approximately 108 to 110 days between the time of the filing of the information and the present scheduled trial. After subtracting the 41 days during which the defendant's motion for change of venue was sub-

mitted, there remains approximately 67 days.

"Based upon the recent Iowa Supreme Court cases and the case of *Barker v. Wingo,* 407 U.S. 514 [92 S.Ct. 2182, 33 L.Ed.2d 101], this Court is of the opinion that had it not been for the filing by the defendant of his motion for a change of venue this case would have been tried well within the sixty day period.

"The Court is further of the opinion that the delay in this matter is directly attributable to the defendant and that the State has not contributed in any way to any delay.

"It is accordingly the Order of the Court that the defendant's motion to dismiss be, and the same is, hereby overruled."

I. The State argues good cause for delay existed for two reasons. First contended is the fact defendant's motion for change of venue caused the delay. It was filed several days before trial was to commence, and "such motions must be processed, considered and ruled on," with the "time and effort so required" being "sufficient good cause for delay." The State asserts the trial court bore the affirmative duty to carefully consider the motion and exercise its discretion.

The second reason asserted is the unavailability of a judge to preside at trial. Presumably, this unavailability was due to Judge Leary's illness and Judge Bainter's vacation.

Defendant contends the State has not met its burden to show good cause for delay, due to the time it took for the motion to be processed, which, as stated, was 41 days from the time of the hearing on the motion or 52 days from the time the motion was originally filed by defendant.

Section 795.2, The Code, provides where " * * * a defendant indicted for a public offense, whose trial has not been postponed upon his application, be not brought to trial within sixty days after the indictment is found the court must order it to be dismissed, unless good cause to the contrary be shown. * * *."

In *State v. Leonard,* 240 N.W.2d 690, 691 (Iowa 1976), it was noted our previous cases hold each speedy trial issue must be decided upon its own peculiar facts under "a delicate balancing process." The court declared " * * * the rule by which we now abide interprets § 795.2 as requiring trial within 60 days from the date an indictment or information is filed unless defendant waives this right, unless the delay is attributable to defendant, or unless the State shows good cause for postponement." 240 N.W.2d at 691.

Likewise, " * * * in *State v. Shockey,* 214 N.W.2d 146, 150 (Iowa 1974) we said factors to be considered were those delineated in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972): length of delay, reason for the delay, defendant's assertion of his speedy trial right, and prejudice to defendant resulting from delay.

"At this level our review of the ruling on this issue is not *de novo.* To secure a reversal defendant must show trial court abused its limited discretion. * * * [citing authorities]." *State v. Donnell,* 239 N.W.2d 575, 578–579 (Iowa 1976).

It follows if application of the factors set forth in *Donnell* and *Leonard* weigh against the State, "the consequence must be absolute discharge." *State v. Hines,* 225 N.W.2d 156, 159 (Iowa 1975).

■ It is clear at the outset defendant did not waive his right to a speedy trial. By the same token, however, no demand for speedy trial was asserted. While the burden to so demand is not upon defendant or his attorney since it is the state's duty to provide a speedy trial, such failure is a factor to be considered with the others in determining whether there existed good cause for delay. See *State v. Wright,* 234 N.W.2d 99, 104 (Iowa 1975) and *State v. LaMar,* 224 N.W.2d 252, 254 (Iowa 1974). Certainly, this aspect weighs in favor of the trial court's exercise of discretion.

Furthermore, to conclude defendant was prejudiced by delay would be difficult by virtue of the fact he was already incarcerated in the State Penitentiary. Thus, the

trial court could have decided defendant would not have been at liberty regardless of the outcome of the pending charge. See *State v. Donnell*, 239 N.W.2d at 579.

■ On the other side of the coin is the length of delay which may tend to negative the foregoing factors in favor of the State. As stated, 111 days passed from time of the information's filing to commencement of trial. The 51-day delay, which virtually doubled the statutory limitation period, cannot be said to be insubstantial. This court has said that, " * * * [e]very limitation statute sets up an arbitrary date after which certain actions cannot be brought or certain rights cannot be enforced. One cannot escape the effect of such statutes by showing they were violated only a little bit. The statute prescribes the only way in which its impact may be avoided—by a showing of good cause." *State v. Nelson*, 222 N.W.2d 445, 449 (Iowa 1974). See also *State v. Hines*, 225 N.W.2d at 159. It has nevertheless been stated " * * * the fact the delay beyond the § 795.2 period incurred * * * is not lengthy gives it less weight in the ultimate determination to be made." *State v. Donnell*, 239 N.W.2d at 579.

While these statements may initially appear contradictory, they can be reconciled by noting the longer the delay, the stronger must be good cause. And it would seem a delay of 51 days should be excused only by substantial showing of good cause.

The State, as noted, asserts good cause is shown by (1) unavailability of a trial judge and (2) the time for processing defendant's motion for a change of venue. As to the first reason, the trial judge noted one judge was on vacation and another had been ill all summer. Thus, there were only two judges to serve "eight different courthouses each week."

■ Congestion of the court docket caused by "exceptional circumstances" may constitute good cause for delay. *State v. Boyd*, 224 N.W.2d 609, 611 (Iowa 1974); *State v. Hines*, 225 N.W.2d at 158. In *State v. Jennings*, 195 N.W.2d 351, 356 (Iowa 1972), it was held good cause for delay existed where one judge was ill, another was on vacation upon whose return two more judges went on vacation leaving only one judge serving, there was a pressing case backlog, and an absence of a court session existed after the filing of the information. The court noted trial was relatively prompt under exigent circumstances and defendant was free on bail.

■ The *Jennings* court did not intend to " * * * mean, however, particularly under existing judicial districting, chronic crowded dockets, sickness of a trial judge, or unavailability of judges due to vacation schedules will *alone* suffice as good cause for trial delay. The public policy inherent in § 795.2 requires trial within 60 days absent good cause, and it is the State's duty to effectuate that policy." 195 N.W.2d at 356. (Emphasis supplied).

The "relatively prompt trial" factor and defendant's release on bail contributed to these exigent circumstances upon which this court based its determination the limited discretion of the trial court was not abused in *Jennings*.

Here, however, the trial delay of 51 days beyond the statutory period cannot be maintained to be a "relatively prompt" trial. This is an important criterion as evidenced by the statement "[n]on-chronic 'court congestion,' arising out of unique, non-recurring events *and resulting in only a short delay* may constitute 'good cause' * * *." *State v. Hines*, 225 N.W.2d at 158. (Emphasis supplied).

Also relevant to a determination in the present case is this comment from *State v. Wright*, 234 N.W.2d at 104:

"We appreciate that the Fifth District has a large civil and criminal caseload. But criminal cases must nonetheless be disposed of promptly throughout the district, even at the cost of deferring civil cases throughout the district if necessary. * * * We are also aware that the Fifth District comprises a large territory. However, the judges of the trial court in this state are *district* judges. § 602.3.

"We do not suggest that the time of judges should not be utilized efficiently. But judicial service throughout the whole district has priority, and judicial service in criminal cases is mandatory because of the speedy trial requirement." (Emphasis in the original).

■ In short, there is nothing to indicate why civil cases could not have been postponed to afford defendant a speedy trial or why another district judge could not be assigned to accommodate this unusual work load. Most significant, the delay here was anything but short. The status of District 8B does not, in and of itself, constitute good cause.

■ In order to affirm the trial court it would be necessary to find that the delay here was attributable to defendant. "Although the State, not the defendant, has the obligation to bring a defendant to trial, delay attributable to the defendant may constitute good cause preventing the State from carrying out its obligation. * * * [citing authorities]." *State v. Lyles*, 225 N.W.2d 124, 126 (Iowa 1975).

This aspect is, of course, based upon defendant's motion for change of venue entered 26 days after filing of the information. The trial court took 41 days to file its ruling denying the motion after the State entered its resistance. The motion itself asserted adverse publicity and was less than one legal size page in length. As shown by the trial transcript of the proceedings for change of venue only four minutes of the court's time were spent on the hearing on the motion. The ruling itself was two pages long and cited only one supporting authority.

*State v. Truax*, 232 N.W.2d 861, 863 (Iowa 1975), has this statement:

"To be sure, defendant should not be criticized or penalized for asserting any of these claims. At the same time each of the claims had to be processed, considered, and ruled upon in the prescribed manner. The time and effort *necessary* for such a purpose constituted 'good cause' * * *." (Emphasis supplied).

In *State v. Donnell*, supra, the defense filed a motion to suppress evidence 19 days after the information was filed. After a *two-hour* hearing, the trial court took 26 days to file its *eight-page* ruling. The issue involved was a close one, and this court said:

"While the time consumed by trial court might have been inexcusable had it been confronted with a routine issue, or had this been the only matter before it, we are reluctant to imply trial court cannot take the time necessary to properly study and rule on a defense motion going to the very heart of a criminal case.

"Standard 2.3(a), ABA Standards Relating to Speedy Trial, Approved Draft 1968, provides the period of delay resulting from other proceedings concerning the defendant, including hearings on pre-trial motions, should be excluded in computing time for trial. While such a rule probably should not be inflexibly applied, it has merit in this situation. The nineteen days consumed by defendant in preparing and filing his motion cannot be ignored when examining the lesser time interval which elapsed following expiration of the 60-day period. * * * [citing authorities]." 239 N.W.2d at 579.

■ What cannot be ignored here is the fact the issue decided was uncomplicated, as evidenced by the lengths of the motion, ruling and hearing. It is difficult to excuse the 41-day lapse between filing of the State's resistance and the ruling. Under these facts, the issue was insufficiently complex to require the time expended to make the ruling. And, even subtracting *defendant's* delay in filing his motion for change of venue, as was accomplished in *Donnell*, a total of 85 days elapsed before trial. The delay was not attributable to the actions of defendant.

Under the present record the State is compelled to rely on docket congestion due to the absence of trial judges as constituting good cause for the delay in bringing defendant to trial. As noted, this in and of itself is insufficient. Furthermore, the substantial delay cannot be said to have been occasioned by defendant's conduct.

When the peculiar circumstances of this case are weighed against the *Wingo* standards it becomes apparent the factors in favor of the State—defendant's incarceration and his failure to demand a speedy trial—have been overcome by those weighing against it—the length of and reason for the delay.

This court concludes the trial court abused its discretion in overruling defendant's motion to dismiss. With directions to the trial court to dismiss the charge against the defendant, the case is

Reversed and remanded.

RAWLINGS, REYNOLDSON and McCORMICK, JJ., concur.

MOORE, C. J., dissents.

MOORE, Chief Justice.

I respectfully dissent.

At this level our review of the ruling on defendant's motion to dismiss is not de novo. To secure a reversal defendant must show trial court abused its limited discretion. *State v. Donnell,* Iowa, 239 N.W.2d 575, 579; *State v. Grady,* Iowa, 231 N.W.2d 869, 872 and citations.

Each time the issue of denial of a speedy trial arises, under the provisions of Code section 795.2, it must be decided under delicate balancing process. *State v. Leonard,* Iowa, 240 N.W.2d 690, 691, and citations. Therefore some restatement of the facts becomes necessary.

At the May 23, 1975 arraignment District Judge Harlan W. Bainter, knowing the status of the trial docket, assigned this case for jury trial on June 23. Defendant prevented trial on that day by filing a motion for change of venue on June 16. He filed additional affidavits over the next two days. He was charged with assault intent to commit great bodily injury on a fellow prisoner at Fort Madison Penitentiary and asserted wide publicity of disturbances there would prevent him from getting a fair trial in Lee County. The State on June 27 filed resistance to the motion for change of venue. It included counter affidavits.

On the same day, June 27, Judge Bainter heard the motion and expressed concern for the issue submitted. Judge Bainter at the close of the hearing stated: "We will mark the matter submitted, and I will try to rule on it promptly."

Defendant's motion for change of venue was overruled August 7 and trial rescheduled by Judge Bainter for September 8. Defendant had made no request for an earlier ruling. Between submission and ruling on defendant's motion Judge Bainter was on vacation for an undisclosed period.

On August 11 defendant filed a motion to dismiss the pending charge on the grounds he had not been brought to trial within 60 days after being charged and that he had at no time waived his right to a speedy trial under the provisions of Code section 795.2. The motion, as per court order of August 14, was argued and submitted to District Judge William S. Cahill on August 21, 1975. The prosecutor's statements to the court included:

"I am sure the Court is aware this is the time of year when courts have difficulties in scheduling. On May 29th the motion was taken under advisement by Judge Bainter. I don't know how much time Judge Bainter needed to consider that motion. He may have felt he needed the entire month of July to think about it. Maybe part of the reason for the delay was the fact Judge Bainter was on vacation. I really don't know of any way to find out. So far as any delay on the part of the State, itself, there has been no delay and if there is any delay in this case, it is a delay on the part of the Court, itself. The only delay which the Court could possibly consider to be out of line would be the delay in ruling upon the motion, and, of course, the matter of this case being scheduled for trial on September 8th, at this time any delay from today until September 8th, I don't think is a matter you can regard in the motion today. We haven't seen the Court's schedule. I know when the Court set it for September 8th you said you had a busy trial schedule for this month, and I am

sure you do, but I don't think that matter could be properly considered today."

At the close of the hearing Judge Cahill stated:

"I will show it submitted, and for whatever it is worth, I will enter on the record that Judge Bainter and I hold Court this month between the two of us. Each week it is necessary we reach eight courthouses. I don't think there is any dispute about that. Judge Leary has been sick all summer and has not worked all summer."

Defendant was tried as scheduled on September 8 and found guilty of the included offense of assault and battery.

The facts present two approaches for consideration of whether the State met its burden to prove good cause for not bringing defendant to trial within 60 days after filing the county attorney's information. First was the delay attributable to defendant and second was the non-chronic court congestion to justify the delay.

I. We have repeatedly held delay attributable to a defendant may constitute statutory good cause preventing the State from carrying out its obligation to bring him to trial. *State v. Donnell,* supra, Iowa, 239 N.W.2d 575, 579; *State v. Collins,* Iowa, 236 N.W.2d 376, 377; *State v. Montgomery,* Iowa, 232 N.W.2d 525, 527; *State v. Albertsen,* Iowa, 228 N.W.2d 94, 96 and citations.

Here the court no doubt would have tried defendant on the scheduled date, June 23, but for defendant's motion for change of venue. The delay was substantially attributable to defendant.

Failure of defendant to demand a ruling on the motion and a speedy trial is a factor to consider with other facts relating to whether there was good cause for delay. *State v. Nelson,* Iowa, 222 N.W.2d 445, 446, 447; *State v. Gorham,* Iowa, 206 N.W.2d 908, 912.

II. Also delay resulting from congestion of trial docket attributable to exceptional circumstances may constitute "good cause" satisfying the section 795.2 exception. In *State v. Hines,* Iowa, 225 N.W.2d 156, 158, we say:

"Non-chronic 'court congestion,' arising out of unique, non-recurring events and resulting in only a short delay may constitute 'good cause' satisfying the § 795.2 exception. See *State v. Jennings,* 195 N.W.2d 351, 356 (Iowa 1972); *State v. Alvarez,* 189 Neb. 281, 202 N.W.2d 604 (1972); ABA Standards, Speedy Trial, Approved Draft § 2.3(b), pp. 27–28. * * * *."

The facts in this case establish such a "non-chronic court congestion" development and negatives any abuse of discretion by Judge Cahill. The State was ready and willing to try defendant at any time; the docket was such that defendant's trial was set for soon after arraignment; defendant's motion for change of venue, filed shortly before trial date, necessarily removed the case from the trial assignment; Judge Bainter took some apparently prescheduled vacation; Judge Leary became ill and was unable to perform his judicial duties; this continued for the entire summer; during that period Judges Cahill and Bainter were carrying an unusual and unpredictable court schedule in eight counties and were simply unable to reschedule defendant's trial prior to the date set, September 8. As pointed out in the majority opinion Judge Cahill carefully considered the entire record before overruling defendant's motion to dismiss.

With an undisputed record of delay attributable to defendant and exceptional docket congestion I would hold defendant has failed to establish abuse of discretion by Judge Cahill.

I would affirm.