STATE of Iowa, Appellee,

v.

Donald Franklin HATHAWAY, Appellant.

No. 59964.

Supreme Court of Iowa.

Sept. 21, 1977.

Thomas D. Hobart, of Meardon, Sueppel, Downer & Hayes, Iowa City, for appellant.

Richard C. Turner, Atty. Gen., Shirley G. Steele, Asst. Atty. Gen., Des Moines and Jack W. Dooley, County Atty., for appellee.

HARRIS, Justice.

Defendant brought this appeal following his jury conviction of breaking and entering in violation of § 708.8, The Code. In his brief and argument he concedes there was no error in connection with the actual trial or jury instructions. His sole assignment challenges a pretrial ruling in which the trial court held the State established good cause for its failure to indict or inform against him within 30 days after he was held to answer on the charge. We affirm the trial court.

Donald Franklin Hathaway (defendant) was arrested for the offense in the early morning hours of May 8, 1975 at a bowling alley in Iowa City. On May 19, 1975 defendant appeared for preliminary hearing and was held to answer.

The State did not present the case to a grand jury but rather elected to proceed by the filing of a county attorney's information as authorized by § 769.2, The Code. On Wednesday, June 18, 1975, exactly 30 days following the preliminary hearing the State sought to present and file the county

attorney's information. Section 769.8, The Code, requires such an information to be approved by a district judge or associate district judge before it can be filed. On June 18, 1975, it was learned all judges of the 6th judicial district (which includes Johnson County) were attending a judicial conference in Des Moines, Iowa, from June 18 through June 20, 1975. Such conferences are authorized by § 684.20, The Code. We can judicially note they are regularly called twice annually. Attendance by all district court judges is expected.

Because no district court judges were in Johnson County, nor in the 6th judicial district, the county attorney's information was left in the office of clerk of court after being sworn to before a deputy. On Monday, June 23, 1975, the first day a judge was available in the county, the information was presented to Judge Robert Osmundson and approved. It was filed the same day with the clerk of court, 35 days after defendant had been held to answer.

Defendant immediately filed a motion to dismiss on the basis of § 795.1, The Code, which provides: "When a person is held to answer for a public offense, if an indictment be not found against him within thirty days, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown. * * * ."

Defendant's motion was resisted by the State and was presented to Judge Osmundson who overruled it. The case was thereafter tried before Judge Schaeffer. In appealing his conviction and sentence defendant's sole challenge is addressed to Judge Osmundson's ruling on the motion to dismiss.

I. Although we do not subscribe to the rationale of Judge Osmundson in his ruling we believe he reached the right conclusion. We think the State established good cause for the delay within the meaning of the statute.

In *State v. Jennings*, 195 N.W.2d 351 (Iowa 1972) we discussed the question of good cause which might excuse a trial delay beyond the 60 day period prescribed by § 795.2. The parties dispute whether *Jen-*

*nings* is applicable to the instant case. Defendant points out it involved a trial delay under § 795.2 rather than an indictment delay under § 795.1. Moreover defendant points to language in *Jennings* which he believes supports his position:

"This does not mean, however, particularly under existing judicial districting, chronic crowded dockets, sickness of a trial judge, or the *unavailability of judges* due to vacation schedules will alone suffice as good cause for trial delay." (Emphasis supplied.) 195 N.W.2d at 356.

*State v. Goff*, 244 N.W.2d 579 (Iowa 1976) was another trial delay case under § 795.2. In *Goff* we held the defendant's right to a speedy trial could not be denied because one judge was on vacation and another ill, leaving only two judges to serve eight courthouses weekly. In *State v. Hines*, 225 N.W.2d 156 (Iowa 1975) we held the accused had been denied his right to a speedy trial under § 795.2. We acknowledged "[n]onchronic 'court congestion,' arising out of unique, non-recurring events and resulting in only a short delay may constitute 'good cause' satisfying the § 795.2 exception. (Authorities). But nowhere [did] we find persuasive authority indicating a court congestion 'good cause' may arise from the State's deliberate election to ignore all of several plain and well-known statutory procedures for providing a jury to try a defendant." 225 N.W.2d at 158.

Defendant argues these cases indicate "good cause" was not established here, even as the term is defined under § 795.2. He then argues good cause under § 795.1 should be even harder to show because the 30 day limitation imposed by that section is more easily controlled by the prosecutor. Defendant points out many factors beyond the prosecutor's control are involved in the matter of bringing a case to trial within the 60 days required by § 795.2.

We agree the two limitations set up by the sections are in many respects similar and in many respects differing and that good cause is apt to be harder to show under § 795.1 than under § 795.2. Never-

theless we believe the circumstances disclosed here constitute good cause for the prosecution's failure to file the information within the 30 day period of limitation.

■ There were no judges in the district at the time. This absence was the direct cause of the delay and was obviously beyond the control of the prosecutor. The 30 day period of limitation is necessarily but relatively short. Judicial conferences are called on a somewhat regular basis. But there is nothing to indicate the prosecutor was advised all judges would be out of the district when the 30 day period expired. Therefore we do not believe the prosecutor should be charged with knowledge of the dates of the judicial conferences.

Defendant suggests the prosecution was practicing a form of brinkmanship in delaying presentation of the information until the 30th day. However the statute accords 30 full days to prosecutors to submit and file county attorney informations. They should be carefully prepared. In view of the relatively short period involved it is in no way unprecedented when an information is presented on the last available date.

We believe the facts in this case are typical of what the legislature intended in setting up the "good cause" exception. We believe good cause was shown.

AFFIRMED.

All Justices concur except McCORMICK, MASON and RAWLINGS, JJ., who dissent.

McCORMICK, Justice (dissenting).

The State offered no evidence in support of the unverified factual allegations of its resistance to the motion to dismiss. The trial court made no findings of fact and, as the majority concedes, overruled the motion to dismiss on an untenable basis. This court now, in violation of principles in our cases and without any basis in the record for doing so, finds the facts de novo and affirms the trial court on a basis which is inconsistent with our prior interpretations of Code §§ 795.1 and 795.2.

I. It is agreed the defendant filed a timely motion to dismiss on the ground of the State's noncompliance with Code § 795.-1. The statute provides that, "When a person is held to answer for a public offense, if an indictment not be found against him within thirty days, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown." Defendant was held to answer on May 19, 1975. The 30-day period expired June 18, 1975. A county attorney's information charging him with the offense was not filed in district court until June 23, 1975, five days beyond the statutory maximum period.

The State filed an unverified resistance to defendant's motion, alleging that an assistant county attorney had attempted to file the information on June 18, the last day of the 30-day period, but was unable to obtain the approval of a district court judge because all of the judges of the judicial district were attending a conference in Des Moines. Approval was obtained on June 23, which the State asserted was "the first available date for filing."

Upon submission of the motion the State offered no evidence to support the allegations of its resistance. Judge Osmundson made no findings of fact but merely relied on the pleadings, holding as follows:

> The Court has reviewed the factual allegations of the Defendant [sic ?] and balanced the four factors and finds that the delay from May 19, 1975 to June 23, 1975 does not rise to the level of unconstitutional delay.
>
> See *State v. Lee*, 222 N.W.2d 471 at 474.
>
> The Defendant's Motion to Dismiss is, therefore, overruled.

As the majority concedes, this ruling resulted from an erroneous application of the law. Defendant's motion was based on § 795.1 and not on his constitutional right to speedy trial. The statute is more restrictive than the Constitution and, unlike the Constitution, fixes an arbitrary deadline. See *State v. Nelson*, 222 N.W.2d 445, 449 (Iowa 1974) ("Every limitation statute sets up an arbitrary date after which certain actions cannot be brought or certain rights

cannot be enforced. One cannot escape the effect of such statutes by showing they were only violated a little bit.").

II. Our review of the ruling on the motion to dismiss is not de novo. *State v. LaPlant*, 244 N.W.2d 240, 242 (Iowa 1976). Here the State presented no evidence to meet its burden to establish facts constituting good cause and, consequently, the trial court had no record upon which to make findings of fact and did not do so. As a result, the record contains no proof of good cause and the decision lacks evidentiary support. Because § 795.1 clearly places the burden to prove good cause on the State, and the State did nothing to carry that burden, this is a sufficient basis in itself to reverse the trial court. See *Williamson v. Casey*, 220 N.W.2d 638, 640 (Iowa 1974) ("Trial court's ruling cannot be upheld on the basis of speculation. It has no support in the record.").

III. Moreover, even if the facts recited in the majority opinion had been established in the record, they do not constitute good cause under § 795.1. At most they show a judge was not available in the sixth judicial district to approve the county attorney's information on the last day of the statutory period. We may assume a judge was available each of the prior 29 days. The prosecutor learned the judges were in Des Moines, about 120 miles from Iowa City, at a regularly scheduled semi-annual judicial conference. He made no further effort to obtain approval of the information until five days later when a judge was present in Johnson County.

The majority finds good cause because the absence of judges was "beyond the control of the prosecutor", because "there is nothing to indicate the prosecutor was advised all judges would be out of the district when the 30 day period expired", and because it was appropriate for the prosecutor to present the information on the last available day.

As to the first factor, it must be admitted the prosecutor did not cause the unavailability of judges. However, good cause under the statute is not established merely by

showing judges, prosecutors or jurors are not available for some reason of court administration. To be an appropriate factor in showing good cause the unavailability must be the product of a sudden or unique and non-chronic event. *State v. Newman*, 257 N.W.2d 29, 31 (Iowa 1977) ("The sudden unavailability of a judge or prosecutor may be good cause for delay."); *State v. Goff*, 244 N.W.2d 579 (Iowa 1976) (good cause not established by unavailability of judges where one was sick, one was on vacation, and the remaining two had to serve eight different courthouses each week); *State v. Leonard*, 240 N.W.2d 690 (Iowa 1976) (good cause not established when the State was unable to try a case within the 60-day period because a trial judge on his own motion continued the trial date); *State v. Wright*, 234 N.W.2d 99 (Iowa 1975) (good cause not established by unavailability of judges due to chronic court congestion); *State v. Hines*, 225 N.W.2d 156 (Iowa 1975) (good cause not established where a judge continued the case five days before the end of the 60-day period for trial because of discharge of a depleted jury panel).

The reason for these holdings is plain. The legislature did not provide any basis for excusing the State from its duty under §§ 795.1 and 795.2 simply because the delay is not the prosecutor's fault. As we observed in *State v. Leonard*, 240 N.W.2d at 692, the statutes reflect a public policy which the government has an affirmative duty to effectuate. The statutory rights to speedy indictment and trial are not merely rights of a defendant. They are a reflection of a legislative policy that charges be brought and tried within the allotted periods. Through this legislation, the public has expressed its will that the courts be provided with resources and administered in a way to carry out this policy. Today's decision represents an unwarranted departure from that principle.

The second factor relied on by the majority, that "there is nothing to indicate the prosecutor was advised all judges would be out of the district", ignores the fact § 795.1 places the burden to establish good cause on

the State. The statute does not require the defendant to prove what the prosecutor knew or did not know. Even under the facts recited in the majority opinion, nothing is shown to establish that the prosecutor should *not* have known the judges would be unavailable on the date involved. The burden is with the State, not the defendant.

This assumes greater significance in view of rule 378(a), Rules of Civil Procedure, which at the time involved here required "[a] court session by a district judge at least once each week in each county of the district, *announced in advance in the form of a written or printed schedule,* * * *." (Emphasis supplied). I am unwilling to assume, without proof, that the sixth judicial district did not comply with this rule, nor am I willing to assume, without proof, that Johnson County did not have a written assignment showing the court schedule for the period involved here. At the very least, the burden should have been on the State to show otherwise.

I believe prosecutors and others must ordinarily be charged with foreseeing the availability of judges. Most lawyers, especially those in rural counties where judges cannot be present every day, accept this reality. A lawyer in private practice could surely not afford to wait until someone told him when a judge was going to be available at the courthouse before transacting his business there. It is not too much to expect of prosecutors that they keep themselves informed of the regular court schedules in their counties.

The third factor relied on by the majority deserves the same answer. An administrative breakdown in the prosecutor's office does not constitute good cause. *State v. Sassman*, 226 N.W.2d 808, 809 (Iowa 1975). The prosecutor should not wait until the last minute to carry out his statutory duty unless he is reasonably assured he is going to finish it within the time permitted. He should not be encouraged to proceed without regard to court schedules. If he decides he wants to commence a trial on the fifty-ninth day of the 60-day period under § 795.-2, he should not be forgiven for failing to perform his statutory duty if he arrives at the courthouse and finds court is not scheduled. Similarly, if he waits until the last minute to file a county attorney's information, he should not be held to have established good cause simply because he goes to the courthouse and does not find a judge there to approve it for timely filing. I believe the problem in the present case was of the prosecutor's own making because of his failure to plan for timely filing of the charge. He knew he had to have judicial approval but did nothing in advance to assure himself he could obtain it in time. I would hold this self-imposed difficulty was not good cause for delay.

I would reverse.

MASON and RAWLINGS, JJ., join this dissent.