**STATE of Iowa, Plaintiff-Appellee,**

v.

**Steven Eugene STANLEY, Defendant-Appellant.**

No. 83–826.

Court of Appeals of Iowa.

May 22, 1984.

Linda Del Gallo, Asst. Appellate Defender, Des Moines, for defendant-appellant.

Thomas J. Miller, Atty. Gen. and Valencia Voyd McCown, Asst. Atty. Gen., for plaintiff-appellee.

Considered by DONIELSON, P.J., and SNELL and SACKETT, JJ.

SNELL, Judge.

Defendant Steven Eugene Stanley was accused of burglary in the second degree in a trial information filed on February 3, 1983. Defendant demanded a speedy trial. Plea negotiations ensued, but when defendant appeared before the court on April 7, 1983, he asserted he had a defense to the charge, and the plea proceeding was broken off.

The day after the plea proceedings defendant's counsel moved to withdraw. A hearing on the motion was held on April 25, 1983. The trial had been scheduled for April 26, 1983. The court granted the motion to withdraw and set the trial date for May 3, 1983, the day before expiration of the ninety-day speedy trial period.

The trial was not held on May 3, evidently because another trial ran longer than expected and there was no space in the courthouse. The case was continued to May 5. On May 5, defendant moved to dismiss on speedy trial grounds. The court held a hearing on the motion and denied it, on the ground that some of the delay was attributable to defendant's plea negotiations and desire to obtain a new attorney. Defendant was convicted of burglary in the second degree, a violation of Iowa Code sections 713.1 and 713.3 (1981).

On appeal, defendant contends his case should have been dismissed according to Iowa Rule of Criminal Procedure 27(2)(b) (1981), and that it was an abuse of discretion for the trial court to deny his motion to dismiss.

■ Our scope of review of criminal proceedings is on assigned error. Iowa R.App.P. 4 (1983). When an issue involves a violation of a basic constitutional safeguard, we make our own evaluation of the claim under the totality of the evidence from which the assertions of unconstitutionality arise and we review the evidence de novo. *State v. Lemburg*, 257 N.W.2d 39, 46 (Iowa 1977); *State v. Snethen*, 245 N.W.2d 308, 311 (Iowa 1976).

■ Rule 27 states:

If a defendant indicted for a public offense has not waived his right to a speedy trial he must be brought to trial within ninety days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

Iowa R.Crim.P. 27(2)(b) (1981). If the defendant has not waived his right to a speedy trial, the case must be dismissed if it has not been commenced within the ninety days unless the delay is attributable to the defendant or there is "good cause" for the delay. *State v. Petersen*, 288 N.W.2d 332, 335 (Iowa 1980). The trial court's discretion in avoiding dismissal is limited by a showing of these reasons. *See State v. Leonard*, 240 N.W.2d 690, 692–93 (Iowa 1976). Our review is limited also: "To secure a reversal defendant must show trial court abused its limited discretion." *State v. Goff*, 244 N.W.2d 579, 581 (Iowa 1976) (*quoting State v. Donnell*, 239 N.W.2d 575, 578–79 (Iowa 1976)).

■ The court in the instant case treated delays attributable to defendant as good cause for a one-day delay. It noted, considering defendant's change of counsel and his decision, partway through the ninety day period, not to participate further in plea negotiations, that at least one day of delay could be attributable to defendant. We agree.

■ Further, we believe that the court congestion in this case presented good cause for a one-day delay. "Congestion of

the court docket caused by 'exceptional circumstances' may constitute good cause for delay." *State v. Goff,* 244 N.W.2d at 582. The case was docketed within the ninety-day period. The reason for the delay was the unexpected length of a previous trial and no other available space for defendant's trial. Because of the "relatively prompt trial" under exigent circumstances, *see State v. Jennings,* 195 N.W.2d 351, 356 (Iowa 1972), and because a weaker reason will constitute good cause when the delay is a short one, *State v. Peterson,* 288 N.W.2d at 335, we find the reasons for the one-day delay in the instant case to be good cause, negating the need for dismissal. Trial court did not abuse its discretion in denying defendant's motion.

AFFIRMED.