# IN THE COURT OF APPEALS OF IOWA

No. 14-2075
Filed October 14, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DEYAWNA LEANETT TAYLOR,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.

Defendant appeals her convictions for driving while barred and selling her services in a sex act. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Joseph A. Fraioli, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, Stephen H. Holmes, County Attorney, and Shean Fletchall, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., McDonald, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

Defendant Deyawna Taylor appeals her convictions for driving while barred and selling her services in a sex act, claiming they should be dismissed on speedy trial grounds. Taylor waived her right to a speedy trial when she entered into a proffer agreement with the State after the ninety-day speedy trial deadline had passed and she was aware the criminal proceedings against her would be postponed until after she testified in the trial of a codefendant. We preserve for possible postconviction proceedings her claim of ineffective assistance due to counsel's failure to promptly file a motion to dismiss on speedy trial grounds. We affirm Taylor's convictions.

## I.      Background Facts & Proceedings

The State filed a trial information in Story County on July 28, 2014, charging Taylor with driving while barred, in violation of Iowa Code section 321.561 (2013), an aggravated misdemeanor, and selling her services in a sex act, in violation of section 725.1, an aggravated misdemeanor.

Taylor's arraignment was scheduled for August 11, 2014, but she did not appear, and a warrant was issued for her arrest. No further action occurred in the case until October 29, 2014, when the State requested that Taylor be transported from the Mitchellville Correctional Facility in order to appear for arraignment.[1] Taylor filed a written arraignment on November 12, 2014.

---

[1] On July 29, 2014, the day after the trial information was filed in this case, Taylor was arrested in Polk County. At the time of her scheduled arraignment in Story County, she was in custody in Polk County. She was subsequently transferred from the Polk County jail to the Mitchellville Correctional Facility.

On the same day, November 12, 2014, Taylor also entered into a Memorandum of Understanding in which she agreed to cooperate and testify in the trial of a codefendant, which was expected to take place within a few months, and in exchange certain concessions would be made by the State.[2] At the proffer meeting, defense counsel asked if Taylor could go ahead and file guilty pleas to two simple misdemeanors at that time, with the understanding the State would dismiss the charges for aggravated misdemeanors. The prosecutor requested Taylor not file the guilty pleas until after she had testified at the codefendant's trial because the testimony was an integral part of the agreement. At the time the Memorandum of Understanding was signed, it was clear to all the parties that the criminal prosecution against Taylor would remain pending until after she had testified in the codefendant's trial, which was expected to take place in a few months.

On December 8, 2014, Taylor filed a motion to dismiss for lack of a speedy trial. She argued she had not been tried within ninety days after the trial information was filed, as required by Iowa Rule of Criminal Procedure 2.33. The State claimed Taylor waived her right to a speedy trial by entering into the Memorandum of Understanding. It also asserted that by seeking dismissal based on speedy trial grounds, Taylor violated the terms of the agreement.

After a hearing the court denied the motion to dismiss, stating:

---

[2] The Memorandum of Understanding is not included in the record. A transcript was prepared from the meeting when the agreement was signed. Although the transcript as a whole is also not part of the record in this case, parts of the transcript were read into the record at the hearing on Taylor's motion to dismiss and therefore provide some evidence of the terms of the agreement and the matters discussed at the proffer meeting.

I think what the file here really shows it that even though a speedy trial had maybe technically ran on the 25th of October, the defendant acquiesced to that waiver of speedy trial when she signed a proffer on November 12 of 2014. There are multiple reasons why maybe she didn't want to file a motion to dismiss for speedy trial at that time. I'm not going to second guess counsel's decision. It might have been that counsel wasn't for sure that the motion to dismiss would be granted for lack of speedy trial. She wanted to take advantage of the plea agreement. There was lots of discussion it sounds like about the delay, so the defendant and her attorney knew there would be a delay if she signed the proffer, and she signed the proffer anyway without signing—or without filing a motion to dismiss for lack of speedy trial or even discussing that.

Now, the defendant filed her motion to dismiss for lack of speedy trial on December 8th of 2014. So I think what happened was she waived speedy trial on November 12 of 2014, and acquiesced to going past the speedy trial date before that by signing the proffer.

Taylor waived her right to a jury trial, and the case was tried to the court based upon the minutes of evidence. The court found her guilty of driving while barred and selling her services in a sex act. She was sentenced to two years in prison on each charge, to be served consecutively. Taylor now appeals, claiming the charges against her should have been dismissed on speedy trial grounds.

## II. Speedy Trial

**A.** Taylor contends the district court abused its discretion in denying her motion to dismiss on speedy trial grounds. She claims the court erred by finding she had waived her right to a speedy trial by entering into the Memorandum of Understanding. Taylor points out that when she entered into the agreement, on November 12, 2014, the ninety-day speedy trial period had already expired on October 26, 2014. She argues the terms of the agreement were not sufficient to waive her speedy trial rights because the speedy trial deadline had expired before she entered into the agreement.

Our review is for the correction of errors at law. *State v. Miller*, 637 N.W.2d 201, 204 (Iowa 2001). "The trial court's discretion to avoid dismissal . . . is circumscribed by the limited exceptions to the rule's mandate." *Id.* Ultimately, then, the issue is whether the district court abused its limited discretion. *Id.*

Iowa Rule of Criminal Procedure 2.33(2)(b) provides:

> If a defendant indicted for a public offense has not waived the defendant's right to a speedy trial the defendant must be brought to trial within 90 days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

Criminal charges should be dismissed if the speedy trial deadlines have been surpassed "unless the defendant has waived speedy trial, the delay is attributable to the defendant, or other 'good cause' exists for the delay." *State v. Miller*, 637 N.W.2d 201, 204 (Iowa 2001). The concept of "good cause" focuses on only one factor—the reason for the delay. *Id.* at 205.

Even when a person does not expressly waive the right to a speedy trial, the person may impliedly waive the right by delaying trial, such as filing a motion to continue. *See State v. LeFlore*, 308 N.W.2d 39, 41 (Iowa 1981). Also, "a defendant may not actively, or passively, participate in the events which delay his or her trial and then later take advantage of that delay to terminate the prosecution." *State v. Ruiz*, 496 N.W.2d 789, 792 (Iowa Ct. App. 1992). At the time Taylor entered into the agreement, she was aware the trial would be further delayed until after the trial of her codefendant, thus impliedly waiving her right to a speedy trial by agreeing to a delay in the proceedings.

When a person enters a guilty plea the person waives all challenges to the charge based on speedy trial claims. *See State v. McGee*, 211 N.W.2d 267, 268

(Iowa 1973) ("We hold that defendant waived delay in trial by pleading guilty."); *see also State v. Burgess*, 639 N.W.2d 564, 567 (Iowa 2001) (stating a guilty plea waives challenges to a charge based on statute-of-limitations or speedy indictment grounds). Here, Taylor was prepared to file guilty pleas on November 12, 2014, which shows she was willing to waive her speedy trial objections at that time.

Moreover, where a delay is the result of negotiations between the defendant and the State, there may be good cause for the delay. *Ruiz*, 496 N.W.2d at 792; *see also State v. Stanley*, 351 N.W.2d 539, 540 (Iowa Ct. App. 1984) (finding one factor supporting good cause for delay was defendant's decision not to participate in further plea negotiations). The prosecutor argued Taylor was involved in discussions before she entered into the agreement to testify against her codefendant, which would provide good cause for at least part of the delay.

We find the district court did not err in concluding, "the defendant acquiesced to that waiver of speedy trial when she signed a proffer on November 12 of 2014." In addition, the court did not err in finding Taylor "acquiesced to going past the speedy trial date before that by signing the proffer."

**B.** On appeal, Taylor has presented a proposal for a bright-line rule for postexpiration waiver of speedy trial rights. She asserts that after the speedy trial deadline has passed the State should be required to establish the defendant received a benefit in exchange for waiving the violation of the speedy trial rights. This issue was not raised before the district court, and we conclude it has not been preserved for our review. *See State v. Wilson*, 573 N.W.2d 248, 251 (Iowa

1998) (stating issues are preserved when they are considered and ruled upon by the district court).

### III.    Ineffective Assistance

**A.**    Taylor asserts that if we find her motion for dismissal on speedy trial grounds was not timely because it was raised after the ninety-day speedy trial deadline had passed, this was due to ineffective assistance of counsel. We have not determined Taylor's motion for speedy trial was untimely but considered her speedy trial claim on the merits. We therefore do not address her claim of ineffective assistance of counsel on this ground.

**B.**    Taylor also claims she received ineffective assistance because defense counsel did not promptly file a motion to dismiss on speedy trial grounds once the ninety-day speedy trial deadline passed. Generally, claims of ineffective assistance of counsel are considered in postconviction relief proceedings. *State v. Gaskins*, 866 N.W.2d 1, 5 (Iowa 2015). We resolve such claims on direct appeal only if the record is adequate to address the claim. *Id.* We conclude the record is not adequate to address this issue on direct appeal. We determine the issue should be preserved for possible postconviction proceedings.

**AFFIRMED.**