**STATE of Iowa, Appellee,**

v.

**Russell G. SASSMAN, Appellant.**

**No. 57141.**

Supreme Court of Iowa.

March 19, 1975.

Holmes, Ralph & Kutmus, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and Ray Fenton, County Atty., for appellee.

Submitted to REYNOLDSON, Acting Chief Justice, and MASON, LeGRAND, REES and McCORMICK, JJ.

LeGRAND, Justice.

This is still another of the troublesome cases coming to our attention since we announced new rules governing a defendant's right to speedy indictment and speedy trial. See State v. Gorham, 206 N.W.2d 908, 914 (Iowa 1973) and State v. Morningstar, 207 N.W.2d 772 (Iowa 1973).

In the present case, defendant was indicted 33 days after he was held to answer to a charge of robbery. This is only three days beyond the period within which an indictment should have been returned under the following provisions of § 795.1, The Code:

"When a person is held to answer for a public offense, if an indictment be not found against him within thirty days, the

court must order the prosecution to be dismissed, unless good cause to the contrary be shown. * * * "

■ The time lag involved here is insignificant, and defendant made no attempt to show he was prejudiced thereby. However, it is not necessary that he do so. Cf. State v. Nelson, 222 N.W.2d 445, 449 (Iowa 1974) and State v. Hines, 225 N.W.2d 156, 159 (1975). We have said that the State cannot excuse its failure to comply with the statute by showing it was violated only a little bit. Like all limitation statutes, § 795.1 has an arbitrary deadline. The State may avoid its impact only by showing good cause for the delay.

■ In the present case, the delay was caused by the shortage of secretarial help in the county attorney's office. We set out the explanation given by the assistant county attorney:

"Part of my duties are seeing to it that the cases are prepared and Informations filed. The reason there was a delay in filing of this Information was that most of it was typed up and prepared ready to be filed on the 26th of November, which was a Monday. The testimony was all prepared and typed up, just the Information itself remained to be typed. We had three girls in the office who performed this duty. Two of those three had left just the week before so that there was just one girl left on Monday the 26th. There was this case and several others. The week prior to this was the week of Thanksgiving and our office was closed on Thursday. Also one of the girls that left, gave her notice and left on that Friday, and it was a matter of not having enough secretarial staff that had knowledge of what to do to get this Information typed up and filed in time. If we had had the two girls, maybe one more, this probably would have been filed on the 26th."

In State v. Jennings, 195 N.W.2d 351, 356 (Iowa 1972), we allowed as good cause for delay in trial the unavailability of a judge.

We also recognized as good cause for delay the exceptional burden placed on prosecutors in making the transition in prosecutorial procedures mandated by the *Gorham* case. State v. Boyd, 224 N.W.2d 609, 611, 612 (Iowa 1974). We refuse to further extend the statute to say every shortage of clerical or secretarial help is good cause for non-compliance.

If we accept the failure of the county attorney to maintain adequate secretarial help as good cause for delay, the statutory provision becomes dependent upon nothing more than the personal convenience of the prosecutor, who could then excuse a failure to comply with the statute for a variety of reasons involving administrative breakdown in his office. We cannot believe this was the intent of the statute.

Recently we held the inexcusable absence of jurors was insufficient cause to delay a trial beyond the 60-day period set out in § 795.2. See State v. Hines, supra, 225 N.W.2d at 161. What we said there concerning the obligation of the State to protect against such exigencies is equally applicable here.

While the result here is indeed unfortunate, we see no escape from it unless we are to completely emasculate the statute.

The judgment is therefore reversed with instructions that the Information be dismissed. See State v. Hines, supra, and State v. Johnson, 217 N.W.2d 609 (Iowa 1974).

Reversed.