STATE of Iowa, Appellant,

v.

Robert S. TRUAX, Appellee.

No. 56921.

Supreme Court of Iowa.

Sept. 17, 1975.

Richard C. Turner, Atty. Gen., Jim P. Robbins, Raymond W. Sullins, Asst. Attys. Gen., and Tracy Anderson, County Atty., for appellant.

G. Gifford Morrison, Washington, for appellee.

Submitted to MOORE, C. J., and REES, UHLENHOPP, REYNOLDSON, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

This prosecution was dismissed for want of speedy trial under § 795.2, The Code. Upon the State's appeal we reverse the trial court and remand.

Robert S. Truax (defendant) was indicted April 25, 1973 for the crime of operating a motor vehicle while under the influence of an intoxicating beverage in violation of § 321.281, The Code. No charges were filed at the time the offense was alleged to have occurred, eight months previously, on August 26, 1972. Defendant was never incarcerated or held to answer prior to his indictment.

On May 4, 1973 defendant moved to dismiss, charging lack of speedy indictment under § 795.1, The Code, complaining he had no opportunity to challenge the grand jury make-up, and asserting the grand jury had been improperly drawn. Hearing on this motion was set for May 25, 1973.

On May 24, 1973 the State filed a resistance to the motion. On the hearing day, May 25, 1973, Truax expanded his motion to assert the grand jury should have received evidence defendant had requested a blood sample be taken at the time of the incident. At the hearing, the same day, defendant further expanded his motion to dismiss to assert the county attorney did not uniformly enforce the statute defendant was charged with violating. The county attorney then sought additional time to review the last ground of the motion and the trial court reassigned hearing on the motion for June 28, 1973. Defendant made no objection to this continuance.

The hearing was held June 28, 1973 at which defendant's various motions were overruled. Arraignment was thereupon set for July 2, 1973. On June 29, 1973 defendant demanded a more complete copy of the minutes of the testimony before the grand jury which indicted him. The trial court then changed the date of arraignment from July 2, 1973 to July 5, 1973.

On July 5, 1973 defendant filed another motion to dismiss the indictment which was overruled the same day. Defendant was then arraigned and entered a plea of not guilty. The record made at that time included the following:

"THE COURT: Very well. The record will so show the defendant entered a plea of not guilty. I advise you now also you have a right under the law to immediate trial or speedy trial within 60 days from the return of the Indictment, and I ask you now, will you be prepared to go to trial on this case?

"MR. MORRISON [defendant's counsel]: The Indictment was brought in about more than 60 days ago. I think we are kind of moot on that one.

"THE COURT: Of course, there have been various motions * * * made.

"MR. MORRISON: We are not necessarily through with those.

"THE COURT: I realize that he is entitled to have a trial, if he desires a trial, within 60 days from the returning of the Indictment, as I understand it. Of course, he can waive that if he wishes, and not—I will have to assign it, and then you can ask for a continuance.

"MR. MORRISON: We are in no hurry for a trial at this stage of the game, Your Honor.

"THE COURT: Is that your desire, Mr. Truax?

"DEFENDANT TRUAX: Yes.

"THE COURT: The record will show you are not demanding a speedy trial at this time. I advise you so you know. I realize you do know. You are in contact with the law, your wife being a secretary, very capable one at that I know. I advise you at any time and when if you do want a speedy trial, or a trial, you feel you do want it as far as that is concerned, let me know. If I am not here, I will notify the judge who is here, you can have a trial. I doubt you will have a trial session here before—I don't think you have one in September. I don't know what the scheduled Court days are here. I know what they are in the summer. Probably October, November, December, that would be fourth quarter of 1973, I suppose, before there would be a trial session. That does not necessarily mean you couldn't have a trial if you desire it at any time before that. That concludes the record at this time. 9:43 a. m."

On November 2, 1973 trial was set for December 11, 1973. On November 27, 1973 defendant moved to dismiss the charges under § 795.2, The Code, because more than 60 days had passed since the July 5, 1973 arraignment. A resistance to this motion was filed December 4, 1973 by the State which contended defendant had waived his

right to speedy trial at the time of his arraignment and that delays since then were the result of his statement at the arraignment he was in no hurry for a trial. On December 11, 1973 the trial court found the delay of trial had not been brought about by defendant and that good cause for delay had not been established by the State. Defendant's motion to dismiss was sustained.

I. This indictment followed by a few hours the filing of our opinion in *State v. Gorham*, 206 N.W.2d 908 (Iowa 1973). Accordingly the demand-waiver rule is inapplicable. Defendant " * * * is entitled to a dismissal if not brought to trial within 60 days after being indicted unless 'good cause' to the contrary be prosecutorially shown, and * * * courts must engage in an *ad hoc* delicate balancing process in evaluating any 'good cause' so shown. (Authorities)." *State v. Gorham*, 206 N.W.2d at 914.

Taking the period of time from April 25, 1973 when the indictment was returned until July 5, 1973 when defendant was arraigned it is clear the delay was required to process defendant's various motions. They included:

1. An allegation the indictment was not timely.

2. A complaint defendant had no opportunity to challenge the grand jury panel.

3. An attack on the certification of the panel by the county auditor.

4. A claim additional evidence should have been presented to the grand jury.

5. A complaint the county attorney was selective in enforcing the criminal section in question and his discrimination resulted in unequal protection of the laws.

To be sure defendant should not be criticized or penalized for asserting any of these claims. At the same time each of the claims had to be processed, considered, and ruled upon in the prescribed manner. The time and effort necessary for such a pur-

pose constituted "good cause" so as to excuse defendant's case from the 60 day requirement mandated by § 795.2, The Code. See *State v. King*, 225 N.W.2d 337 (Iowa 1975).

At arraignment defendant's counsel indicated he might file still further motions. Defendant and his counsel both acknowledged they were willing the trial be delayed, even after the trial court indicated that, absent a request from defendant, trial was not likely to occur until after the time the motion to dismiss was later filed. Good cause for delay is shown when the delay is attributable to a defendant. *State v. King*, supra, at page 340.

The State showed good cause in not bringing defendant to trial within 60 days. The trial court erred in holding otherwise.

II. Defendant separately claims dismissal of the charge against him was final even if erroneously entered. This question has been determined adversely to defendant by our opinion in *State v. Buckley*, 232 N.W.2d 266 (Iowa 1975).

The case is reversed and remanded for trial.