STATE of Iowa, Appellee,

v.

Robert James REYNOLDS, Appellant.

No. 58173.

Supreme Court of Iowa.

Feb. 16, 1977.

Philip F. Miller, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Joseph S. Beck, Steven K. Sandblom and Richard H. Doyle, IV, Asst. Attys. Gen., and Carroll Wood, County Atty., Webster City, for appellee.

REES, Justice.

The defendant in this case was charged by separate county attorney's informations with the crimes of receiving or aiding in concealing stolen goods in violation of § 712.1, The Code, 1973, and conspiracy to receive or aid in concealing stolen goods in violation of § 719.1, The Code, 1973. The two cases were consolidated for trial and tried to a jury which returned a verdict of guilty as to both charges. Defendant now appeals. We affirm.

The defendant Reynolds and two confederates, Robert Larry Anderson and Jerry Jean Bainter, had arranged to procure a stolen tractor for delivery to a state agent, one James D. Barr, for the sum of $10,000. There were several contacts and conversations between defendant and Barr which detailed the arrangements for the delivery of the tractor to Barr. The arrest of the defendant was made on the farm where the stolen tractor had been secreted in a machine shed and on which farm the arrangements for the sale were to be completed.

Defendant states for review eight issues which he contends dictate and require a reversal of this case. We shall treat each issue separately *infra*.

### I. Speedy Trial issue.

Defendant contends trial court erred in overruling his motion to dismiss both informations for failure to comply with the statutory speedy trial mandate set out in § 795.2, The Code, 1973. It was the defendant's calculation that 105 days elapsed from the filing of the information on October 7, 1974, to the date of his motion to dismiss which was filed on January 22, 1975, during the week preceding the date set for trial. Defendant asserts that no good cause was demonstrated for the 45-day delay beyond the statutory limit.

Section 795.2, The Code, 1973, provided as follows:

"795.2 Delay in trial. If a defendant indicted for a public offense, whose trial has not been postponed upon his application, be not brought to trial within sixty

days after the indictment is found, the court must order it to be dismissed, unless good cause to the contrary be shown. An accused not admitted to bail and unrepresented by legal counsel, shall not be deemed to have waived his privilege of dismissal or be held to make demand or request to enforce a guarantee of speedy trial, and the court on its own motion shall carry out the provisions of this section as to dismissal."

■ Our review of the trial court's determination of the question of good cause is not *de novo*. Where the determination of the trial court is supported by substantial evidence in the record we must affirm. *State v. Albertsen*, 228 N.W.2d 94 (Iowa 1975); *State v. Grady*, 231 N.W.2d 869 (Iowa 1975); *State v. LaMar*, 224 N.W.2d 252 (Iowa 1974).

■ The rationale upon which trial court found good cause for the delay is set out in the order overruling the motion to dismiss. Trial court noted defendant had moved for a continuance in his Webster County trial on December 13, 1974, which motion was supported by his physician's certificate from which it appeared defendant had been hospitalized with a bleeding duodenal ulcer and would not be physically able to stand trial until sometime between January 15 and February 1, 1975. Trial commenced on January 27, 1975, within the period defendant's physician stated he would be physically unable to attend trial. It appeared, therefore, the defendant was physically unable to stand trial from the period commencing December 13, 1974 and terminating January 27, 1975. The record indicates trial commenced apparently in contradiction of the physician's directive but defendant did not seek a continuance beyond January 27. Certainly the defendant's physical inability to stand trial made known in advance to the court is good cause for a delay during the disability.

■ It is true the motion for continuance based on defendant's physical disability was not filed in this case in Hamilton County, but was in fact filed in a case pending against the defendant in Webster County

and the court file in the Webster County case was made a part of the record in the matter before us here. Defendant's illness, as reflected by the record, constituted good cause for the delay from December 13, 1974 to January 27, 1975.

The period prior to defendant's illness was 67 days from the filing of the indictment on October 7 to the filing of the affidavit of illness on December 13. Trial court set out the factors it considered in determining that good cause existed for this short delay. Trial court noted that defendant had filed a pretrial motion and demurrer. Some time must be allotted for consideration of and ruling on defense motions by the trial court. *State v. Truax*, 232 N.W.2d 861, 863 (Iowa 1975).

The delay in this case is a short one. Defendant waited 15 days after filing of the information before filing his motion and demurrer. The time consumed by defendant in preparing his motion and demurrer cannot be ignored when examining a lesser time of delay following the 60-day period. *State v. Donnell*, 239 N.W.2d 575, 579 (Iowa 1976).

■ Trial court further observed that one of the district judges became disabled shortly after the information was filed in this case. An unanticipated administrative difficulty resulted. The illness of a judge may be a factor in determining good cause for a short delay. *State v. Jennings*, 195 N.W.2d 351 (Iowa 1972).

■ Other factors are entitled to consideration in determining good cause for delay of trial. Length of delay, prejudice to the defendant and demand for a speedy trial all enter into consideration. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *State v. Donnell, supra*. In this case defendant was at liberty on bond, was represented by counsel and did not request a speedy trial until January 22, 1975.

After a full review of all the relevant factors, we find no abuse of discretion in trial court's determination that good cause existed for the delay in trial.

438

## II. Entrapment Instruction issue.

Defendant states an issue for reversal in connection with the entrapment instruction given by trial court which employed the phrase "normally law-abiding person". Defendant requested an instruction with that phrase deleted, but suggested no alternative to the court, although on appeal here he asserts a preference for the phrase "average person". The trial court instructed the jury that entrapment consists of the law enforcer using persuasion "likely to cause normally law-abiding persons to commit the offense".

■ The entrapment defense theory is designed to protect the public from being induced to commit crimes. The availability of the defense of entrapment deters police action which cannot be countenanced, and the emphasis on the conduct to be deterred justified our adoption of an objective standard in connection with the entrapment question in *State v. Mullen*, 216 N.W.2d 375 (Iowa 1974). In *Mullen* we enunciated the rule that conduct is forbidden which would induce a normally law-abiding person to commit a crime..

■ Defendant appears to confuse the objective and subjective standards in entrapment. He claims he is stripped of protection against entrapment because he is not a "normally law-abiding person". He fails to discern the fact that if the police did act so as to induce a normally law-abiding person to commit a public offense he would have been acquitted by the jury under the instruction given. The jury was not instructed to consider the identity of the defendant in determining the entrapment issue. This is in conformity with the objective standard adopted in *State v. Mullen*, *supra*. See also *State v. Leonard*, 243 N.W.2d 75 (Iowa 1976).

## III. Prosecutor's Closing Argument issue.

The record discloses that defendant moved for a mistrial following certain remarks made by the prosecutor which he contends were calculated to inflame and prejudice the jury. The criticized remarks on the part of the prosecutor were that he thought the evidence showed the defendant was a fence, and he defined a fence as one who buys and sells stolen property. The trial court in overruling defendant's motion for a mistrial bottomed on such statement held that the prosecutor's comment could fairly be applied to the evidence. Trial court indicated that he found no prejudice to the defendant in the comment which had been prefaced by the ameliorating phrase "I think the evidence shows". The record indicates the prosecutor had merely summarized the evidence and had made reference to the defendant, using a colloquial term for one who receives stolen property.

■ Counsel is allowed a certain latitude in arguments to the jury which includes reasonable interpretations of the evidence. *State v. Brewer*, 247 N.W.2d 205 (filed November 17, 1976); *State v. Phillips*, 226 N.W.2d 16 (Iowa 1975). The jury is directed to consider the arguments of both counsel in a criminal case and to deliberate on the issues presented. Trial court when called upon must determine whether or not an argument to a jury by counsel is prejudicial. As a reviewing court, we are removed from the situation, and it is difficult for us to determine here the effect of the comments. However, we find no abuse of discretion after a full consideration of the trial court's determination to overrule the motion for a mistrial. *State v. Monroe*, 236 N.W.2d 24 (Iowa 1975); *State v. Fryer*, 243 N.W.2d 1 (Iowa 1976).

## IV. Consolidation of Informations issue.

As noted above, defendant was charged with two specific crimes by separate county attorney's informations. The State moved to consolidate the cases prior to trial. Defendant then objected to the consolidation, asserting the prosecutor's motion was untimely, that joint trial would confuse the issues in the minds of the jury, and that defendant had an absolute right to defend the charges separately.

Section 773.37, The Code, 1973, specifically allows joinder of separate offenses in one

information where the offenses are committed in one transaction. The State may determine to try the cases together or separately. *State v. Cook*, 261 Iowa 1341, 1348, 158 N.W.2d 26, 30. The defendant's contention that he has a right to defend the counts in one information separately is squarely covered by the statute. The statute also intended for one jury to decide the separate charges arising from a single transaction.

 It was obviously the view of the legislature that the jury could sort out the issues upon proper instruction from the trial court. We are unable to discern any difficulty in this trial which would unduly complicate the questions presented for the jury to the prejudice of the defendant. Defendant came to court on January 27, 1975 to defend both charges, as both had been set for trial on that date. The motion of the State to consolidate is not alleged to have surprised defendant or prejudiced him in trial preparation, and we therefore can find no merit to the defendant's claim the motion was untimely.

The remaining issue then is whether the trial court had the power to consolidate for trial separate charges arising out of a single transaction. Section 773.37, The Code, addresses joinder of counts in an information rather than consolidation of cases for trial. We have no controlling statute on consolidation of cases for trial.

 Where a transaction involves a defendant in more ·than one offense, it is probable that separate trials would be repetitious, expensive and wasteful. Furthermore, defendants may well be better served by a single trial. See Model Penal Code § 1.08(2) tentative draft 5 (cited in *State v. Cook, supra*). In a majority of jurisdictions, trial courts may consolidate charges for trial in the absence of an enabling statute. See Annot: Consolidated Trial—Same Accused, 59 A.L.R.2d 841, 847. As observed above, the legislature of this state has recognized the advantages of joining counts asserted in the same information for trial. We find a trial court may consolidate the trial of separate offenses arising out of a

single transaction as long as the rights of the defendant are not prejudiced, even though the separate offenses may be charged in separate informations. We find no prejudice to the defendant resulted from a consolidation of the cases for trial and that the trial court did not err in consolidating them.

## V. Former Jeopardy issue.

In argument on his demurrer, defendant argued at the trial level that the State must choose which offense it wished to prosecute, asserting that former jeopardy precludes the trial of both issues. Defendant's demurrer was overruled.

We are not persuaded by defendant's argument in connection with this stated issue. Section 773.38, The Code, 1973, specifically addresses the question of miscellaneous separate offenses and reads in part:

"An indictment may charge in separate counts:

"* * *

"4. A conspiracy and the offense committed in pursuance of said conspiracy, if such offense be indictable."

Section 773.39 provides for separate judgment on each count.

 The statute directly answers defendant's contention regarding the offenses as included offenses. The elements of one offense must consist entirely of the elements of the second, with no distinguishing elements to be considered included offenses. *State v. Stewart*, 223 N.W.2d 250 (Iowa 1974); *State v. Cook, supra*. Aside and apart from the statutory authority, we said in *State v. Thompson*, 241 Iowa 16, 21, 39 N.W.2d 637, 640, that a conspiracy trial does not bar prosecution for the substantive offense. Trial court was correct in overruling defendant's demurrer.

## VI. Prior Statement to Refresh Memory of a Witness issue.

As a part of the investigative police work in this case and prior to trial, one Richard Allen, a service station attendant, identified from photographs the co-conspirators of de-

fendant, Anderson and Bainter, as having been in his filling station with the defendant on September 12, 1974. On the witness stand Allen identified the defendant and described in detail one of the confederates, but could not describe the other and was unable to name them. He did however recall identifying them from the photographs he had seen earlier. The prosecutor then asked him if he had identified Jerry Jean Bainter and Robert Larry Anderson previously from photographs, and he answered in the affirmative.

Counsel for the defendant interposed an objection that the question was leading and a blatant attempt to impeach the State's own witness, which objection was overruled. The defendant failed to preserve for review here any objections to the hearsay nature of the photographic identification. Therefore, although the only link the witness Allen had to the names attached to the photographs may well have been hearsay, the issue is not preserved and we cannot consider it here.

▆ The prosecutor used the prior identification made by the witness Allen to refresh his memory after Allen was unable to recall the names of the two men in his station. Prior statements may be repeated to jog the memory of a witness who surprises a party on the stand with his unexpected response. 81 Am.Jur.2d Witnesses, § 439, pp. 448, 449. Prior statements may be used to impeach a witness as well as to refresh his memory. A party confronted with an unexpected answer will either try to rehabilitate the witness by eliciting an explanation for the different statements or may attempt to neutralize the testimony by the introduction of a prior inconsistent statement. The trial court properly overruled the defendant's objection to the use of the prior statement of the witness Allen. See *State v. Trost,* Iowa, 244 N.W.2d 556 (filed July 30, 1976).

*VII. Hearsay issue.*

Defendant contends trial court erred in admitting the testimony of the agent Barr of a conversation with a third party, one Lilly. Evidence of the conversation was admitted to demonstrate how the agent Barr knew of defendant's possession for sale of a stolen tractor. The jury was admonished by the trial court not to regard the testimony of the agent as substantive proof but for the limited purpose of showing how the agent determined the defendant could sell the tractor to him.

The agent, Barr, testified that Lilly said he sold certain items for defendant and that defendant could sell Barr the tractor he sought. The related conversation did not mention the possibility that the goods were stolen.

▆ Generally, an investigating officer may explain his actions by testifying as to what information he had and its source regarding the crime and the criminal. McCormick on Evidence 2d Edition, § 248, p. 587. However, in certain instances the prejudicial character of specific information linking a defendant with the commission of a crime outweighs the probative value of the evidence thereof. Instructions to a jury are not always sufficient to allay prejudice which violates defendant's rights. *U.S. v. Bruton,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Thus a trial court faces the task of balancing the probative value of a body of evidence against the possible prejudice which instructions cannot cure.

▆ The conversation testified to in this case in no way links defendant with criminal activities, it merely establishes the fact he had certain goods and articles for sale. The limiting instructions cautioned the jury to consider the testimony for the purpose of explaining Barr's actions, and trial court determined no prejudice could occur in the admission of the testimony. We find no abuse of discretion in the court's ruling.

▆ Defendant further objected to the testimony of Barr in connection with his conversation with Lilly on the grounds that the testimony exceeded the scope of the redirect examination. Defense counsel had inquired about the conversation with Lilly on cross-examination, and also delved rather deeply into how and when Barr became

aware of defendant's willingness to sell the tractor in question. We cannot conclude the testimony of Barr went outside the scope of the redirect examination. We perceive no merit in defendant's contentions in regard to this stated issue.

*VIII. Directed Verdict issue.*

█ In his last issue stated for review defendant contends trial court erred in overruling his motion for a directed verdict. He argues for the first time on appeal that since defendant actually stole the tractor he could not be a "receiver or aider" in the concealment of stolen goods. Defendant also argues that defendant was still in the process of committing a larceny when arrested, not in the process of concealing property which had been the subject of a larceny.

We will not entertain new matter on appeal which was not raised in the court below. See *State v. Chase,* 234 N.W.2d 871 (Iowa 1975); *State v. Knutson,* 220 N.W.2d 575 (Iowa 1974). The assertion that the State failed to prove each and every element of the crime is insufficient to preserve the error now urged. Defendant should have asserted his defense at trial to preserve the issue for review.

On the whole record we find no reversible error and affirm the trial court.

AFFIRMED.

MOORE, C. J., and LeGRAND, UHLENHOPP, REYNOLDSON and HARRIS, JJ., concur.

RAWLINGS, MASON and McCORMICK, JJ., dissent.

RAWLINGS, Justice (dissenting).

Being unable to agree with the reasoning and result reached in Division I of the majority opinion, I respectfully dissent.

Code § 795.2, relating to speedy trial, is quoted by the majority and need not be repeated. In brief, it mandates trial within 60 days after return of an indictment (or filing of information) absent a showing of good cause by the State for any delay be-

yond the statutory period. See *State v. Leonard,* 240 N.W.2d 690, 691–692 (Iowa 1976).

Application of Code § 795.2 in the present case can best be understood by this chronological portrayal of relevant events:

October 7, 1974, county attorney's information filed in Hamilton County.

October 14, 1974, defendant arraigned and given ten days to file pretrial motions; he refused to waive his right to speedy trial.

October 22, 1974, defendant moved for dismissal and demurred.

October 31, 1974, State filed resistance to defendant's motion and demurrer.

November 18, 1974, trial court fixed December 9, 1974, as the time for hearing on defendant's motion and demurrer.

December 6, 1974, the 60 day period from filing of the county attorney's information expired.

December 9, 1974, hearing on defendant's motion and demurrer was not held, purportedly because defendant and his attorney did not personally appear.

December 13, 1974, defendant moved for continuance of the separate Webster County criminal case on grounds of illness.

December 24, 1974, order entered overruling defendant's motion to dismiss and demurrer in the present case.

January 22, 1975, defendant moved for dismissal based on denial of a speedy trial per Code § 795.2.

January 27, 1975, trial commenced.

The record also reveals defendant filed a motion to dismiss and demurrer in the separate Webster County prosecution, October 22, 1974, the same date he moved to dismiss and demurred in the instant case. The documents filed in both Hamilton and Webster Counties are identical. October 30, 1974, defendant's Webster County motion and demurrer were overruled.

Assuming, arguendo, trial court was justified in considering the Webster County illness-based December 13, 1974, motion for continuance as good cause for some delay in

this separate case, we should also consider the fact that the Webster County court was able to process and dispose of defendant's like pretrial motion and demurrer in eight days, whereas 62 days were here inexplicably consumed in the same process. In addition, defendant's illness did not become a delay-causing factor until December 13, 1974, seven days after expiration of the 60 day speedy trial period provided by Code § 795.2.

Significantly, the majority concedes there was a delay of seven days beyond the aforesaid statutory limitation, but this is brushed aside. In doing so, however, the majority overlooks this apt pronouncement in *State v. Sassman,* 226 N.W.2d 808, 809 (Iowa 1975):

> "The time lag involved here is insignificant, and defendant made no attempt to show he was prejudiced thereby. However, it is not necessary that he do so. Cf. *State v. Nelson,* 222 N.W.2d 445, 449 (Iowa 1974) and *State v. Hines,* 225 N.W.2d 156, 159 (1975). We have said that the State cannot excuse its failure to comply with the statute by showing it was violated only a little bit. Like all limitation statutes, § 795.1 has an arbitrary deadline. The State may avoid its impact only by showing good cause for the delay."

See also *State v. Goff,* 244 N.W.2d 579, 582 (Iowa 1976).

*Goff* recognized unreasonable court delay in processing a defense motion is not good cause attributable to an accused. Id., 244 N.W.2d at 583. There the delay came about after submission of State's resistance to the motion. Here it occurred both before and after submission of the motion and demurrer. Moreover, the issues thereby raised by defendant were not so complex as to require the time expended to effectuate a ruling thereon. See *Goff, supra.*

Demonstrably, the dismissal motion was based on alleged constitutional violations because defendant did not have a preliminary hearing. It was palpably devoid of merit and could have been readily acted upon. See *Furgison v. State,* 217 N.W.2d 613, 616 (Iowa 1974), and citations. And the demurrer was based on the ground treated in Division V of the majority opinion. It too was plainly without merit and required no lengthy or time-consuming study.

It is also to me evident the majority places unwarranted importance on the fact that one judge was unavoidably incapacitated during the period of time here involved. The State neither claimed nor did anything in the record show any causal relationship between disability of one judge in the judicial district and the delay. Moreover, we should take judicial notice of the fact that 14 judges were then serving in the Second Judicial District. In brief, it is to me inconceivable that the absence of one judge justifiably precluded timely trial on the instant Hamilton County charge. See Iowa R.Civ.P. 378.

It may be assumed defendant's illness constituted good cause for not bringing his cases on for trial between December 13, 1974 and January 27, 1975. But this cannot justify or excuse the earlier seven day delay in no way attributable to defendant.

Of course, Code § 795.2 was only "violated a little bit" but such constituted a clearcut violation of the statutorily mandated deadline. See *State v. Sassman, supra; State v. Nelson,* 222 N.W.2d 445, 449 (Iowa 1974).

It therefore follows the limited discretion vested in trial court was here abused.

I would reverse and remand with directions to sustain defendant's motion to dismiss the Hamilton County charge. See *State v. Johnson,* 217 N.W.2d 609, 611–612 (Iowa 1974).

MASON and McCORMICK, JJ., join this dissent.