STATE of Iowa, Plaintiff-Appellee,

v.

Tim HUNZIKER, Defendant-Appellant.

No. 65177.

Court of Appeals of Iowa.

Aug. 25, 1981.

Frank Cosgrove, Story County Public Defender, Nevada, for defendant-appellant.

Thomas J. Miller, Atty. Gen. of Iowa, Michael Jordan, Asst. Atty. Gen., and Mary E. Richards, Story County Atty., for plaintiff-appellee.

Considered by OXBERGER, C. J., and DONIELSON, SNELL, CARTER, and JOHNSON, JJ.

PER CURIAM.

The defendant challenges by way of discretionary review (under Iowa Code § 814.-6(2)(3)) the trial court's refusal to dismiss burglary charges against him on the ground that he was denied a speedy indictment under Iowa R.Crim.P. 27(2)(a). We reverse the trial court's denial of the motion to dismiss, and instruct the trial court to dismiss the charges against the defendant.

On March 17, 1980, the defendant was arrested and charged with burglary in the second degree in violation of Iowa Code § 713.3, and theft in violation of Iowa Code § 714.1(4). The county attorney's information, accusing the defendant of two counts of burglary in the second degree, was filed on May 2, 1980. The defendant filed a motion to dismiss on May 20, 1980, urging that the action be dismissed with prejudice for violation of Iowa R.Crim.P. 27(2)(a). A hearing on the motion was held June 6, 1980. At the hearing, the parties stipulated that (1) the defendant was arrested on March 17, 1980; (2) that the trial information was filed on May 2, 1980; (3) that there had been no waiver of speedy indictment; and (4) that the defendant did not demand a speedy indictment.

At the hearing, the assistant county attorney stated that the reason for the failure to timely file the trial information was that he made a mistake on his calendar by one day in noting when the case was to be filed, and that that was good cause for the failure. The trial court ruled that the State had shown good cause. The defendant then filed his application for discretionary review under Iowa Code § 814.6(2)(e), for review of an order raising a question of law important to the judiciary and the profession. He argues that the miscalculation of the deadline by the county attorney was not good cause for delay within the meaning of Iowa R.Crim.P. 27(2)(a). Iowa R.Crim.P. 27(2)(a) states:

a. When an adult is arrested for the commission of a public offense, or, in the case of a child, when the juvenile court enters an order waiving jurisdiction pursuant to section 232.45, The Code, and an indictment is not found against him within forty-five days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives his right thereto.

The speedy indictment requirement applies to cases prosecuted by county attorney's information. *State v. Schmitt*, 290 N.W.2d 24 (Iowa 1980).

It was stipulated that the defendant was arrested March 17, and the information was filed May 2, which is a period of 46 days. The defendant did not waive his right to speedy indictment. Therefore, the trial court must order the prosecution to be dismissed unless good cause was shown for the delay. "When a statute is plain and its meaning is clear, courts are not permitted to search for meaning beyond its expressed terms." *State v. Sunclades*, 305 N.W.2d 491, 494 (Iowa 1981).

*State v. Petersen,* 288 N.W.2d 332 (Iowa 1980), discussed the good cause requirement as it pertained to the right to speedy trial under Iowa R.Crim.P. 27(2)(b). Since the requirement is similar to that stated in subsection (a), regarding good cause for delay in speedy indictment, the requirements in *Petersen* are relevant. It is the State's burden to show good cause. Whether there is good cause depends on the reason for the delay. The surrounding circumstances affect the strength of the reason for the delay. If the delay has been short, and the defendant was not prejudiced by it, and the defendant has not demanded a speedy trial, a weaker reason will constitute good cause. Nonetheless, if the reason for the delay is insufficient, these other factors will not avoid dismissal.

The following have been held to be good cause for delay: (1) a misunderstanding between defense counsel and prosecutor as to whether defense counsel wanted the case continued, *State v. Petersen,* 288 N.W.2d 332 (Iowa 1980); (2) the defendant's own motions, including a continuance granted at the defendant's request, and the involvement of the prosecutor in a separate but related case, *State v. Moritz,* 293 N.W.2d 235 (Iowa 1980); and (3) all judges were out of town on the required filing day, *State v. Hathaway,* 257 N.W.2d 735 (Iowa 1977).

Not all reasons for delay have been held to be sufficient. In *State v. Sassman,* 226 N.W.2d 808 (Iowa 1975), the reason for delay was a shortage of secretarial help in the county attorney's office. As the court stated:

We refuse to further extend the statute to say every shortage of clerical or secretarial help is good cause for non-compliance.

If we accept the failure of the county attorney to maintain adequate secretarial help as good cause for delay, the statutory provision becomes dependent upon nothing more than the personal convenience of the prosecutor, who could then excuse a failure to comply with the statute for a variety of reasons involving administrative breakdown in his office.

We cannot believe this was the intent of the statute.

*Id.* at 809.

This case involves precisely the sort of administrative breakdown to which the court was referring. The county attorney miscalculated the deadline for filing the indictment. The statute establishes an arbitrary time limit. Such time limit was established to further the public policy as stated in the rule, which is that criminal prosecutions should be concluded at the earliest possible time. Iowa R.Crim.P. 27(2).

▮ We hold that the county attorney's miscalculation was not good cause for the failure to timely file the information. Iowa R.Crim.P. 27(2)(a) thus dictates the court must order the prosecution to be dismissed. The fact that the delay was short, that the defendant was not prejudiced, and that the defendant did not demand speedy indictment will not turn an insufficient reason for delay into a sufficient one. The judgment is therefore reversed, with instructions that the information be dismissed. See *State v. Sassman,* supra at 809.

REVERSED.