STATE of Iowa, Appellant,

v.

Trisha Lynne OGAN, Appellee.

No. 92–922.

Supreme Court of Iowa.

March 24, 1993.

Bonnie J. Campbell, Atty. Gen., Chris O'Dell, Asst. Atty. Gen., Thomas S. Mullin, County Atty., and David A. Poore, Asst. County Atty., for appellant.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellee.

Considered by LARSON, P.J., and SCHULTZ, LAVORATO, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

On September 24, 1991, the State filed a trial information charging Trisha L. Ogan with assault with intent to inflict a serious injury in violation of Iowa Code sections 708.1(1) and 708.2(1) (1991). A separate trial information was filed charging Ogan with assault causing bodily injury in violation of Iowa Code sections 708.1(1) and 708.2(2). Both charges stem from the same act and identical minutes of evidence were filed with the informations. Ogan was arraigned and a plea of not guilty was entered to both charges.

On April 13, 1992, Ogan filed a motion to dismiss one of the informations as inconsistent and untrue. She argued the State could not "credibly support the contention that both could have occurred and should make a decision on what charge the State believed the facts support." The State resisted the motion asserting that any alleged defect in the charges could be remedied by a court instruction.

Following hearing upon the defendant's motion, the district court concluded neither the legislature nor the appellate court intended to allow the State to file two separate charges against a defendant where only one assault occurred. The court accordingly entered an order directing the State to dismiss one of the informations.

The State filed a motion to stay the district court order pending its application for discretionary review. We granted the State's motion. *See* Iowa R.App.P. 22(e).

We also granted the State's application for discretionary review. *See* Iowa R.App.P. 201.

The issue before us is whether the State is precluded from charging a defendant in separate trial informations with mutually exclusive crimes arising out of the same conduct, where the alleged facts and circumstances could support either charge. Our review of this issue involves a matter of law and is for the correction of errors. *See* Iowa R.App.P. 4.

In Iowa, all indictable criminal offenses are prosecuted by either an indictment or by trial information. A trial information, like an indictment, "is an accusation in writing ... charging that the person named therein has committed an indictable public offense." Iowa R.Crim.P. 4(1); *see* Iowa R.Crim.P. 5(1) ("All indictable offenses may be prosecuted by a trial information."); Iowa R.Crim.P. 5(5) (Term "indictment" embraces the trial information.). It may charge "[t]wo or more public offenses which arose from the same transaction or occurrence...." Iowa R.Crim. P. 6(1); *see State v. Jackson*, 422 N.W.2d 475, 477 (Iowa 1988) (rejecting theory of episodic immunity). The information "shall be endorsed 'a true information' " by the prosecutor. Iowa R.Crim.P. 5(2).

▆▆▆▆ Ogan is charged with committing an assault as defined in Iowa Code section 708.1, and in violation of section 708.2(1) and (2). Iowa Code section 708.1 provides in part:

A person commits an assault when, without justification, the person does any of the following:

1. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.

2. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.

Iowa Code section 708.2 provides in part:
1. A person who commits an assault, as defined in section 708.1, with the intent to inflict a serious injury upon another, is guilty of an aggravated misdemeanor.
2. A person who commits an assault, as defined in section 708.1, without the intent to inflict a serious injury upon another, and who causes bodily injury or disabling mental illness, is guilty of a serious misdemeanor.

An assault with intent to inflict a serious injury is a specific intent crime; an assault causing bodily injury is a general intent crime. *See State v. Brown*, 376 N.W.2d 910, 913–14 (Iowa App.1985). An assault causing bodily injury is not a lesser included offense of an assault with intent to inflict a serious injury. *State v. McKettrick*, 480 N.W.2d 52, 57 (Iowa 1992) (citing *State v. Swanson*, 423 N.W.2d 560 (Iowa App.1988)).

Here, Ogan argues:
One of the two informations sworn to by the State cannot be a true information since one charge necessarily negates the other charge because the allegation of an intent to inflict a serious injury in an aggravated assault and the allegation of an absence of intent in a serious assault are contradictory and irreconcilable. Further, ... the State's position goes a step beyond what was intended or contemplated by *McKettrick* and, finally, ... it places an unfair burden on her because she would be unable to prepare a defense until and unless she knew what she would be defending against.

Ogan concedes that an information charging an offense is not invalid or insufficient because such acts are charged in the disjunctive or alternatively. *See State v. Aldrich*, 231 N.W.2d 890, 896 (Iowa 1975). However, she urges the allowance of inconsistent charges would make it virtually impossible for her to prepare a defense. In defending both trial informations, she argues, she would have to controvert directly conflicting elements; to refute an essential element of one charge, she would be required to supply proof of an element of another. Ogan, like the district court, believes this would be unfair. We disagree.

We conclude her claim that she is unable to prepare a defense given the two informations is without merit. First, it is important to remember a defendant charged with committing a crime does not have to prove anything. Second, we reject Ogan's argument that she cannot defend herself on the aggravated assault charge because in denying its specific intent requirement, she is supplying proof of an element of the serious assault charge. Denying she had the specific intent to inflict a serious injury is not an admission that she had the general intent to commit an assault. The State must still prove Ogan had a general intent to commit an assault and that the assault caused bodily injury.

Further, Ogan's reliance on *McKettrick* is misplaced. *McKettrick* simply prohibits conviction for both aggravated assault and serious assault for a single criminal act. 480 N.W.2d at 58. Here, we are not faced with conviction and punishment, but rather whether the State can prosecute Ogan for both offenses. Therefore, *McKettrick* is not controlling.

Ultimately, the question of Ogan's "intent" is for the finder of fact, as is whether the victim suffered "bodily injury." Here, the minutes of evidence support both charges. Based upon the expected testimony, the finder of fact could find Ogan acted with the requisite specific intent to cause a serious injury. Failing to find the requisite specific intent, the finder of fact could find Ogan committed an assault which caused bodily injury. The State should not be forced to elect which charge to prosecute. The State should be allowed to submit both charges to the finder of fact.

Because the offenses charged arose from the same occurrence and are separate offenses, the State could have charged Ogan in separate counts in a single information. Iowa R.Crim.P. 6(1). Rule 6(1) permits joinder of offenses in a single information when the offenses charged are based on (1) the same transaction or occurrence, or (2) a common scheme or plan. *State v. Lam*, 391 N.W.2d 245, 249 (Iowa 1986).

Before the adoption of our criminal procedure rules, Iowa had a statutory provision which allowed an indictment or information to charge more than one offense where in the same transaction more than one offense had been committed. Iowa Code § 773.37 (1975). Although there was no rule or controlling statute, we held the trial court had the power to consolidate for trial separate charges arising out of a single transaction. *State v. Reynolds*, 250 N.W.2d 434, 438 (Iowa 1977). We observed that when a transaction involves a defendant in more than one offense, it is probable that separate trials would be repetitious, expensive and wasteful. *Id.* We recognized that in a majority of jurisdictions, the trial court may consolidate charges for trial in absence of an enabling statute. *Id.*

We have also approved a trial court's *ex parte sua sponte* order to consolidate for trial the charges contained in two informations. *State v. Trudo*, 253 N.W.2d 101 (Iowa), *cert. denied*, 434 U.S. 903, 98 S.Ct. 299, 54 L.Ed.2d 189 (1977). In *Trudo*, we adopted the procedure found in ABA *Standards Relating to Joinder and Severance* § 3.1(a), which specifically recognized the authority of the court to act on its own motion to order consolidation of two or more charges if the offenses could have been joined in a single charge. *Id.* at 104.

The adoption of rules of criminal procedure did not deprive the trial court of its authority to order consolidation of two or more separate charges for trial. Nor did the adoption of the rules deprive the parties of their right to file a motion to consolidate separate charges for trial. A single trial of multiple charges may not only promote judicial economy, but can also preserve a defendant's double jeopardy protection against successive prosecution and multiple punishment.

We find the district court erroneously ordered the State to elect which charge to proceed upon. Accordingly, we reverse the district court order.

**REVERSED.**