# IN THE COURT OF APPEALS OF IOWA

No. 15-1023
Filed August 31, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KENDRA KAE WESSELS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Webster County, Angela L. Doyle, District Associate Judge.

Kendra Kae Wessels appeals her convictions for operating a motor vehicle while intoxicated, second offense, and assault on a peace officer. **AFFIRMED.**

Edward W. Bjornstad of Bjornstad Law Office, Spirit Lake, for appellant.

Thomas J. Miller, Attorney General, and Kevin R. Cmelik, Kelli A. Huser, and Katie M. Krickbaum (until withdrawal), Assistant Attorneys General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A jury found Kendra Kae Wessels guilty of operating a motor vehicle while intoxicated, second offense, and assault on a peace officer. *See* Iowa Code §§ 321J.2, 708.1(1), 708.3A(4) (2013). On appeal, Wessels argues "the [district] court erred by failing to instruct the jury that assault as charged is a specific intent crime."

The State concedes "the district court should have included a specific intent instruction," but urges us to affirm Wessels' judgment and sentence on the ground that "any error in instructing the jury did not prejudice Wessels." We are persuaded by both prongs of the State's argument.

The jury was instructed the State would have to prove the following elements of assault on a peace officer:

> 1. On or about the 29th day of November, 2014, the defendant did an act which was intended to cause pain or injury to, or which was intended to result in physical contact which was insulting or offensive to, Leighton Walker.
> 2. The defendant had the apparent ability to do the act.
> 3. Leighton Walker is a peace officer acting within his official duties.
> 4. The defendant knew Leighton Walker is a peace officer.

The jury was separately given a general intent instruction, as follows:

> To commit a crime a person must intend to do an act which is against the law. While it is not necessary that a person knows the act is against the law, it is necessary that the person was aware she was doing the act and she did it voluntarily, not by mistake or accident. You may, but are not required to, conclude a person intends the natural results of her acts.

The jury was not given the standard specific intent instruction, which states:

> "Specific intent" means not only being aware of doing an act and doing it voluntarily, but in addition, doing it with a specific purpose in mind. Because determining the defendant's specific intent

requires you to decide what [he] [she] was thinking when an act was done, it is seldom capable of direct proof. Therefore, you should consider the facts and circumstances surrounding the act to determine the defendant's specific intent. You may, but are not required to, conclude a person intends the natural results of [his] [her] acts.

Iowa Criminal Jury Instruction No. 200.2 (alteration in original). This was error. *See State v. Ambrose*, 861 N.W.2d 550, 554 (Iowa 2015) (reviewing jury instructions for errors of law).

The jury instruction on assault on a peace officer incorporated the assault definition contained in section 708.1(2)(a) ("Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act."). In *State v. Heard*, 636 N.W.2d 227, 231 (Iowa 2001), the Iowa Supreme Court concluded this provision delineated a specific intent crime. The court stated, "Although in the past we have defined the assault alternative in section 708.1(2) as a general intent crime, *see State v. Ogan*, 497 N.W.2d 902, 903 (Iowa 1993), we now hold this alternative is a specific-intent crime. We overrule *Ogan* and those cases that hold otherwise." *Heard*, 636 N.W.2d at 231.

The court reaffirmed this holding after the legislature amended the statute to identify the crime as one of general intent. *See State v. Fountain*, 786 N.W.2d 260, 265 (Iowa 2010). The court reasoned as follows:

> [W]e adhere to our prior decisions holding that the 2002 amendment "did not alter the substantive content of the statute."
> Our conclusion that assault includes an element of specific intent is not inconsistent with the legislature's action in amending the statute. As we discussed, the legislature did not change the elements of an assault; it merely designated assault as a general intent crime.

*Id.* (citation omitted). Based on this precedent, a specific intent instruction was required.

We turn to whether the error in failing to give a specific intent instruction was prejudicial. *See id.* at 265-66. The marshalling instruction on assault on a peace officer correctly described the statutory specific intent requirement for the crime. In light of this description, we conclude the district court's failure to separately instruct the jury that assault was a specific intent crime did not prejudice Wessels. *See State v. Keeton*, 710 N.W.2d 531, 534 (Iowa 2006) (acknowledging regardless of the specific label attached—specific intent or general intent—the State must prove the elements of the crime and their accompanying mens rea beyond a reasonable doubt); *State v. Hall*, No. 11-1524, 2012 WL 4900426, at *6 (Iowa Ct. App. Oct. 17, 2012) (citations omitted) (noting "the instructional error was of little consequence here because the court included the language of the assault statute in the marshalling instruction").

In reaching this conclusion, we have considered whether the court's inclusion of a general intent instruction raised the possibility of jury confusion. *See State v. Pendleton*, No. 13-1647, 2014 WL 6977188, at *5 (Iowa Ct. App. Dec. 10, 2014) ("The absence of a general intent instruction removed the possibility of jury confusion."). We are persuaded the possibility was minimal. The general intent instruction referred to "a crime" generally, making no reference to assault. As noted, the marshalling instruction for assault on a peace officer required the State to prove specific intent. Given the precise language of the marshalling instruction, there was scant likelihood the jury would import the

general intent instruction in deciding whether the State proved the elements of assault on a peace officer.

We affirm Wessels' judgment and sentences.

**AFFIRMED.**